## MERCHANTS' NAT. BANK v. VOUDOURIS et al. (No. 8753.)

(Court of Civil Appeals of Texas. Dallas. Feb. 10, 1923. Rehearing Denied March 10, 1923.)

1. **Appeal and error ☞1001(1)—Fact found by jury on sufficient evidence considered established.**

A fact found by the jury on sufficient evidence must be considered established.

2. **Accord and satisfaction ☞5—Promise to remedy deficiencies in articles sold or cancel notes given therefor must be supported by consideration.**

A promise to either remedy deficiencies in articles sold or cancel notes given therefor must be supported by a consideration, like any other accord and satisfaction.

3. **Contracts ☞75(1)—No consideration for promise to do what promisor is already bound to do.**

There is no consideration for a promise to do what promisor is already bound to do.

4. **Contracts ☞50—"Consideration" defined.**

A consideration is something given in exchange, something mutual, or something which is the inducement to the contract, and must be lawful and competent in value to sustain the assumption.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consideration.]

5. **Contracts ☞50—Consideration may be benefit to promisor or detriment to promisee.**

A consideration may be either a benefit to promisor or a detriment or prejudice to promisee.

6. **Bills and notes ☞435—Indorsee's promise to cancel notes, if it could not induce payee to remedy defects in articles for which given, supported by valuable consideration.**

Indorsee's promise to cancel notes, if it could not induce payee to remedy defects in articles for which they were given, was supported by a valuable consideration, being reasonably calculated and intended to cause the makers to make no further demands on payee to make such defects good.

7. **Bills and notes ☞343—Knowledge that note was given in consideration of unperformed contract by payee does not affect indorsee's rights, unless he had notice of breach.**

Knowledge that notes were given in consideration of an unperformed executory contract by payee, will not deprive indorsee of the character of a holder in due course, unless he had notice of the breach of contract, the presump-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion being that it would be carried out in good faith.

**8. Trial ⊙⟹194(12)—Instruction that indorsee must show performance of conditions in mortgage and sale contract held on weight of evidence.**

In an indorsee's action on notes given for articles sold by payee to the makers, an instruction that plaintiff must show performance of all the conditions of the sale contract and a mortgage given to secure the notes *held* reversible error, as on the weight of the evidence as to whether plaintiff assumed to make good any of the payee's deficiencies.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by the Merchants' National Bank against Peter Voudouris and others, copartners. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Phillips, Townsend & Porter, of Dallas, for appellant.

Geo. W. Mendell, Jr., of Austin, and Solon Goode, of Dallas, for appellees.

JONES, C. J. The Merchants' National Bank, as plaintiff below, brought this suit against appellees, Voudouris Bros., as a copartnership composed of Peter Voudouris, Spiros Voudouris, and Nicholas Voudouris, to recover principal, interest, and attorney's fees on four promissory notes, each in the principal sum of $150, of date July 23, 1914, executed by Voudouris Bros., and payable to the order of Grossman Company, a corporation. The notes matured, respectively, on the 1st day of June, July, August, and September, 1915.

The notes were given in part payment for a soda fountain and fixtures sold by the Grossman Company to appellees, and constituted a part of a series of notes executed at the time the sale was made, which was the said 23d day of July, 1914. At the time the sale was made, appellees executed a written contract reciting its terms, and in which written contract a mortgage lien was reserved by Grossman Company on all the property to secure the payment of all the notes given. At the time the suit was instituted, all the notes given, save the four declared on in appellant's petition, had been paid. Appellant set out said mortgage in its petition and asked that it be decreed a foreclosure on all the property mentioned in said sales contract. The soda fountain and fixtures were shipped to appellees at various times from August until in the month of November of the year 1914. The mortgage was recorded on September 19, 1914, and the first installment note became due on November 1, 1914. At least three days prior to the recording of the mortgage, appellant purchased all the notes given by appellees from the Grossman Company and paid therefor a valuable consideration.

Appellees defended against this suit on the ground that the soda fountain and fixtures as installed were defective in a number of particulars, and was not the character of apparatus bought by them as shown by the sales contract, and also on the ground that appellant's cashier, on November 20, 1914, came to Austin, Tex., where appellees' place of business was located, and examined the soda fountain and fixtures, and entered into an adjustment with Peter Voudouris in reference to the default made by Grossman Company in regard to the fixtures, allowing credits to be made on seven notes held by appellant at that time because of the failure of certain fixtures named in the sales contract to be shipped; and also agreed that certain other defects, pointed out to the said cashier, should be remedied by the Grossman Company and, if not so remedied, that the four notes forming the basis of this suit should be canceled in satisfaction to appellees for said defects.

That appellant purchased the notes and mortgage previous to the maturity of any of the notes assigned to it, and purchased same without notice of the partial failure of consideration above given, was not controverted by appellees. Their theory of defense seems to have been that appellant, by its purchase of the notes and mortgage, assumed the contract of the Grossman Company and thereby became responsible to appellees for the performance of said contract to the extent, at least, that the apparatus purchased would come up to the specifications of said contract, and also that, having recognized the deficiencies of Grossman Company in reference to the apparatus sold, had, voluntarily and for a consideration, undertaken to make said deficiencies good.

On the other hand, appellant asserted that it was an innocent purchaser of the notes for a valuable consideration before maturity and without notice of any of the said deficiencies on the part of the Grossman Company; and, further, that if its cashier made the promise alleged by appellees, same was void for want of consideration and constituted no defense to this suit.

The case was submitted to the jury on special issues. All these issues were found in favor of appellees. These findings are to the effect that appellant's cashier, on November 20, 1914, allowed the credits above mentioned on seven of the notes by reason of the failure of Grossman Company to supply and install certain of the fixtures embraced in the contract; that at said time the said cashier agreed with Voudouris that the defects in the soda fountain and mirrors would be repaired and fixed according to the contract, and, if not, that appellant would surrender and cancel the four notes herein sued

on; and, further, that this promise was made on the consideration of appellant's failure to comply with its agreement to have Grossman Company repair and cure the defects in the soda fountain and mirrors. Upon these findings, a judgment was entered in favor of appellees and denying appellant any recovery whatever of the subject-matter of this suit.

On its theory of innocent purchaser for value, without notice, and before maturity, appellant requested peremptory instruction for recovery of the principal, interest, and attorney's fees on the four notes, together with foreclosure of its mortgage lien, and the refusal of the court to do this is duly assigned as error.

[1-5] Appellant was entitled to this peremptory instruction unless it foreclosed itself as to such relief by the action of its cashier in promising, either to have the Grossman Company remedy the deficiencies in the soda fountain and mirrors, or, in the event of a failure to have this done, to cancel the four notes: The jury having found that this promise was made by the bank through its cashier, on evidence sufficient to support such finding, this court must consider same as an established fact. The inquiry then is narrowed as to whether this promise was supported by a consideration. Appellant strenuously insists that it is not under the well-known rule that, where a creditor agrees to accept less than his matured debt in full payment, he may, nevertheless, collect the balance, for the reason that the agreement to take less than was owing him is a compact without consideration. There can be no question that a promise of this kind must be supported by a consideration, just as much as any other accord and satisfaction, and, if one party merely agrees to do what he is already bound to do, there is no consideration. We do not think this case comes within this rule of law. A consideration may be defined to be something that is given in exchange, something that is mutual, or something which is the inducement to the contract, and it must be a thing which is lawful and competent in value to sustain the assumption. It may be either a benefit to the party promising, or some detriment or prejudice to the party to whom the promise is made. Schultz v. Scott (Tex. Civ. App.) 210 S. W. 830; James v. Fulcrod, 5 Tex. 512, 55 Am. Dec. 743.

[6] The promise of appellant that if it could not induce Grossman Company to remedy the defects in the soda fountain to cancel these four notes as remuneration to appellees for their loss in consequence of the defects was reasonably calculated to cause appellees to make no further demands on Grossman Company to make these defects good. Such promise could only have been intended to have effected this very purpose. We therefore hold that such promise by appellant is supported by a valuable consideration and that the court did not err in refusing the requested peremptory instruction.

Appellant assigns as error the giving of the following requested instruction to the jury:

"You are instructed that the purchase of the notes, mortgage, and contract sued on herein by the Merchants' National Bank, the plaintiff herein, from Grossman Company, it was and is incumbent upon the plaintiff to fulfill and perform all the terms and conditions contained in said mortgage and contract before said plaintiff can enforce the payment of the four notes and the foreclosure of the mortgage sued on herein.

"You are further instructed that the burden of proof is upon the plaintiff to show by a preponderance of the evidence that all of the terms and conditions of said contract and mortgage have been performed, either by the plaintiff or by Grossman Company."

[7, 8] We think these charges are on the weight of the evidence and erroneous. By the purchase of the notes and mortgage, appellant did not assume to carry out the Grossman Company contract. It is true, at the time the notes and mortgage were purchased, the soda fountain had not been installed and Grossman Company had not yet performed its part of the contract. The courts, however, universally hold that knowledge that a note was given in consideration of an executory agreement or contract of the payee, which has not been performed, will not deprive the indorsee of the character of a holder in due course, unless he also has notice of the breach of that agreement or contract. 3 R. C. L. 1067. At the time the purchase was made, the evidence is undisputed that appellant had no such notice. The presumption of law is that the contract would be carried out by Grossman Company in good faith and the consideration undertaken by it be performed as stipulated. It was an issue of fact to be determined by the jury whether appellant, after its purchase, assumed to make good any of Grossman Company's deficiencies, and this very issue was submitted to the jury. These charges are directly on the weight of the evidence as to this issue, and necessitate a reversal of this case.

For the error in giving the requested instructions as above set out, this case is reversed and remanded.