### WITHERSPOON v. GREEN.   (No. 9386.)

(Court of Civil Appeals of Texas. Dallas. May 30, 1925.)

1. **Appeal and error** ⟨⇒⟩1001(1)—**Jury's findings on special issues supported by evidence bind Court of Civil Appeals.**

Jury's findings on special issues supported by evidence bind Court of Civil Appeals.

2. **Mines and minerals** ⟨⇒⟩74—**Recording of assigned oil lease carried notice to everyone that assignee owned interest in leased land.**

Recording of assigned oil lease carried notice to everyone that assignee owned interest in leased land.

3. **Mines and minerals** ⟨⇒⟩78(2) — **Lessee, whose interest in lease was forfeited, owed lessor duty of removing cloud from lessor's title by giving release of apparent interest.**

Lessee, whose interest in oil and gas lease ceased by operation of forfeiture clause for ,failure to pay annual rent, owed lessor duty of removing cloud from lessor's title by execution of a release of apparent interest· in the leased land.

4. **Mines and minerals** ⟨⇒⟩78(2) ·— **Lessor's promise to pay money to lessee for execution of release of lessee's apparent, but not actual,· interest in leased land held unenforceable.**

Where a lessee had no interest in a recorded oil and gas lease by reason of a forfeiture for failure to pay annual rent, lessor's promise to pay $500 to lessee for release by latter· of his apparent, but not actual, interest in leased land, *held* unenforceable as being without consideration to support it, in view of lessee's legal duty to discharge cloud on lessor's title.

Appeal from Dallas County ·Court at Law; Wiley A. Bell, Judge.

Action by Harry Green against C. L. ;Witherspoon. Judgment for plaintiff,' and defendant appeals. Reversed and rendered.

Allen, Hunt, Newberry & Allen, of Dallas, for appellant.

Hurt & Jacks, of Dallas, for appellee.

JONES, C. J. Appellee, Harry Green, in a suit in the county court of Dallas county at law, No. 2, recovered judgment against appellant, C. L. Witherspoon, in the sum of $500, with interest from date of judgment. Appellant has duly perfected an appeal to this court, and challenges the sufficiency of the case made by appellee in the trial court.

Appellant is the owner of a 30-acre tract of land out of the H. G. Anderson survey and situated in Navarro county, Tex. On the 22d day of March, 1919, he duly executed to John C. Calhoun and Hood Cheney an oil and gas lease in the usual form ·of such leases, same to remain in force for a term of 5 years, or as long thereafter as oil or gas is ,produced from the land. Appellee, by duly executed assignments, became the owner of a one-third interest in said lease, and later an owner of a two-thirds interest by purchase of the interest of one of the original lessees. This lease and the said assignments to appellee were duly recorded in the proper records of Navarro county. By agreement between the owners of this lease the 30-acre tract of land was divided into three 10-acre tracts, and appellee took for his two-thirds interest what might be termed the first and third of these tracts, and the other owner taking as his interest the second or middle tract. ·

The terms of the lease required a down payment of $300, and further provided that the lease should terminate, "if no well be commenced on said land on or before the 22d day of March, ·1920"; but further provided that, if a rental of $300 was paid on or before said date, such payment would "cover the privilege of deferring the commencement of a well for twelve months from said date"; and in like manner, and upon like payments, or tenders, the commencement of a well might be further deferred for like periods of the same number of months successively.

No well was ever begun on the lease, but same was extended by appellant in favor of appellee from March 22, 1920, to March 22, 1921, without the payment of the rental. A request for another extension under the same conditions was made by appellee about 30 days previous to the 22d day of ·March, 1921, and refused by appellant with the

statement that he would make no further extensions of the lease without the payment of the rental provided for in the contract. As no rental was paid for the year beginning the 22d day of March, 1921, the lease by its terms was forfeited. On January 22d, 1922, nearly 10 months after the lease had thus ended, appellee executed to appellant a release of his interest in this land covered by said lease. The only consideration mentioned in the instrument itself for the execution of the release is a recital that, because of the failure of the commencement of a well or any other development work' of any character upon the land, and a failure to pay the rental provided for under the terms and conditions of the lease, any right, equity, or privilege that appellee had in said land or the oil, gas, or other minerals in or under same "have long since lapsed and become null and void by the terms of said original instruments." The instrument executed by appellee is an unconditional and absolute release of the said oil and gas lease to appellant.

[1] Appellee alleged in his petition that he was induced to execute this release on the promise of appellant to pay him the sum of $500 when he should sell the land covered by the lease, and that, a sale of the land having been consummated, his right to the payment of the $500 had matured. Appellee supported this allegation by his oral testimony. Appellant in his pleadings denied that he ever made such promise as a consideration for the execution of the release, and also pleaded, in the alternative, that, if such promise was made, it was without consideration and void, in that appellee, at the time the release was executed, rested under the legal duty to execute same, and supported the allegation of fact by his oral testimony. The issue thus made by the pleadings and evidence was submitted to the jury in the form of a special issue, and was found in favor of appellee, which finding, being supported by evidence, is binding on this court, and the alleged promise to pay the $500 must be treated as having been made.

Upon this theory of an absence of consideration appellant duly requested peremptory instruction, and duly excepted to the submission of the said special issue to the jury, and has properly reserved these contentions by bills of exception and assignments of error.

[2] The oil lease held by appellee by assignment, being duly recorded, carried notice to everyone that appellee owned an interest in the said land. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 29 A. L. R. 566. Approximately 10 months preceding the execution of the release appellee's interest in said tract of land had ceased to exist by virtue of his failure to pay the annual rental. Under the terms of the lease this failure operated as a forfeiture without any affirmative act on the part of appellant. Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779. However, this interest thus shown by the records of Navarro county was, after the 22d day of March, 1921, only an apparent and not an actual interest; for, after said date, appellant, by virtue of the forfeiture, had become repossessed of the ownership of the interest represented by this lease. From said date the only effect of this lease was to cast a cloud upon appellant's title to the land to the extent of the interest therein represented by the lease.

[3, 4] This cloud upon appellant's title had been cast by virtue of the act of appellee in his failure to perform the terms upon which the lease was conveyed to him. If he had performed the terms of the lease and kept same alive by the payment of the annual rental, or by the beginning of a well, the records of Navarro county would have truthfully reflected the title to this land. The law charged appellee with the duty of removing this cloud from appellant's title by the execution of a release of his apparent, though not actual, interest in the land. This duty he performed by the execution of the release in question. In executing this instrument appellee was only performing an obligation which the law imposed upon him. The doing of what he was bound by law to do could not furnish a consideration for the promise exacted from appellant to pay him $500 therefor. The discharge of this legal duty, being the only consideration that passed to appellant for the execution of the release, we do not think is sufficient in law to render this promise enforceable. Jones v. Risley, 91 Tex. 1, 32 S. W. 1027; Heisch v Adams, 81 Tex. 94, 16 S. W. 790; Merchants' Nat. Bank v. Voudouris (Tex. Civ. App.) 248 S. W. 810; Woodall v. Pacific Mutual Life Ins. Co. (Tex. Civ. App.) 79 S. W. 1090; Wendover v. Baker, 121 Mo. 273, 25 S. W 918; Chilson v. Bank, 9 N. D. 96, 81 N. W 33; Page on Contracts, § 585; Williston on Contracts, § 132.

It therefore follows that the trial court erred in refusing to give the peremptory instruction, and that this case ought to be reversed and here rendered in favor of appellant.

Reversed and rendered.