**HUMBLE OIL & REFINING CO. et al. v. WOOD. (Motion No. 7566; No. 652–4519.)**

Commission of Appeals of Texas, Section B. May 4, 1927.

**1. Records** ⊚⟶13—**Owners, by virtue of registration of legal title, had constructive possession.**

Owners of legal title of land on which plaintiff had right to explore for oil and gas had constructive possession of land by virtue of registration of their title.

**2. Mines and minerals** ⊚⟶73—**Owners held entitled to submerge lands with water, in absence of notice from holder of privilege of exploring for oil and gas of intention to exercise or assign privilege.**

In absence of notice from holder of right to explore for oil and gas of his intention to exercise such right, or of his assignment there-

of, owners of legal title were within their legal rights in constructing dam and temporarily submerging land with water.

**3. Mines and minerals** ⊚⟶73—**Holder of privilege to explore for oil and gas must allege and prove owners' negligence in exercising their rights, and damage.**

Where holder of privilege to explore for oil and gas claims that owners of legal title have interfered with the exercise of his right to his damage, he must allege and prove circumstances showing that such owners have been negligent in exercising their rights.

**4. Mines and minerals** ⊚⟶73—**Action by holder of right to explore for oil and gas against legal title owners for submerging land with water held not "tort."**

Action by holder of right to explore for oil and gas against holders of legal title for submerging land with water to his damage was not a tort action, since legal title owners lawfully entered on land; "tort," as applied to real property, being entry without lawful authority and amounting to breach of legal duty owing by wrongdoer to injured party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tort.]

**5. Mines and minerals** ⊚⟶73—**Owners must remove water to enable holder of privilege of exploring for oil and gas to exercise privilege on notice of intention.**

Owners of legal title of land who constructed dam and submerged land with water were bound to remove water from land to extent necessary to enable holder of privilege of exploring for oil and gas to exercise his right without unnecessary expense or inconvenience when owners were notified of his intention to exercise privilege.

On motion for rehearing. Motion overruled, and former opinion adhered to.

For former opinion, see 292 S. W. 200, which reversed 277 S. W. 152.

SHORT, J. The motion for rehearing in this case asserts that the case is ruled by the opinion of section A of the Commission of Appeals in Humble Oil & Refining Co. v. Kishi, 276 S. W. 190, and 291 S. W. 538, sustaining in part the opinion written by the Court of Civil Appeals, 261 S. W. 228. In that case the suit was filed by Kishi against the Humble Oil & Refining Company to recover the rental value for oil purposes of a 50-acre tract of land in Orange county. The allegations in the petitions are to the effect that Kishi owned the 50 acres of land and that one Isaac Lang owned an undivided one-fourth interest in the minerals thereon; Kishi owning the remainder. Kishi and Lang executed an oil and gas lease in favor of the Humble Oil & Refining Company, which had in fact expired when the Humble Oil & Refining Company, claiming that it had not, entered upon the land and began to bore for oil, asserting that it had the exclusive right

to do so, and, of course, claiming that Kishi had no rights either to bore on the land for oil nor to assign to any one else said right. After this trespass and ouster had been committed, and while the Humble Oil & Refining Company was asserting that Kishi had no interest in the right to bore or the right to assign to others this right, and after having been notified by Kishi that he had this right and would hold the Humble Oil & Refining Company responsible for any damages resulting from its denial thereof, the market value of this right to bore for oil suddenly increased on account of the fact that the prospect to produce oil in the vicinity of the land had arisen.

The trial court found that Kishi was entitled to nominal damages on the proof of these allegations growing out of the good faith of the Humble Oil & Refining Company in believing that it had this exclusive right, and the Court of Civil Appeals reversed and remanded the case because Kishi had not shown he had opportunity to lease his land and was willing to and would have accepted the opportunity and could and would have leased his interest in the oil and mineral rights at and during the time the Humble Oil & Refining Company was denying him his right. The case having reached the Supreme Court in due course, an opinion was written modifying the judgment of the trial court, and giving Kishi a judgment for $37,500, being three-fourths of the market value of the right to bore for oil on the land; Lang owning the other one-fourth and not being a party to the suit. Upon a rehearing this judgment was set aside upon the sole ground that, while Kishi was entitled to damages to the extent of the market value of his interest in the oil and mineral rights, the facts did not justify a rendition by the Supreme Court of a judgment for a certain amount. The Commission of Appeals in its opinion upon rehearing says:

"The entry upon this land as a cotenant of Kishi would have been lawful and would have occasioned no injury to Kishi's right to the value of his property. The entry made upon this land was unlawful, not because the company had no right to make entry, but because the entry made was in denial of Kishi's right. The character of the entry made was unlawful, and was the sole cause of the injury complained of. The company had no right to deprive Kishi of the value of his property by making the unwarranted claim that the lease theretofore executed by him gave it the right of entry, and its entry under this claim was wrongful. This wrongful act destroyed the value of Kishi's property, and the company should be required to respond in damages for the injury resulting from its unlawful act."

[1, 2] In the case at bar the entry made upon the land is conceded by all the parties to have been lawful. In fact, by virtue of the registration of their title evidencing ownership thereof, the plaintiffs in error were in the constructive possession of the land and had the right to enter upon it and use it as it saw fit; this entry and use at the time not being in violation of any privilege owned by the defendant in error nor in denial of the exercise by him of this privilege. There is no allegation in the petition that the plaintiffs in error were notified by Wood at the time they made this entry of any intention to exercise his privilege of boring thereon for oil nor of assigning this privilege to any one else. In the absence of such pleading and proof, the record showing absolute ownership of the land in the plaintiffs in error, save and except the privilege owned by the defendant in error, it must be conceded that the plaintiffs in error were clearly within their rights when they constructed the dam and covered the land with water. Clearly the plaintiffs in error had the right to make this use of their land under the circumstances. Notwithstanding these facts, the defendant in error in his petition alleges:

"That the entry upon and use of said property now being made by defendants and either or both of them has resulted in great material damage and injury to this plaintiff in the sum of at least $15,000; that he could have heretofore sold and disposed of said lease at a highly advantageous price, but that the entry upon said property by the defendants and either or both of them destroyed the commercial value of said lease and wholly destroyed the market value thereof."

The plaintiffs in error specially pleaded that they had not interfered with the development of the property for oil and gas purposes, but had made every effort to make it at all times possible and practicable for the defendant in error to operate for the production of oil and gas. Up to the time that the defendant in error notified the plaintiffs in error of the former's intention to exercise his privilege to bore on said land for oil or to have said boring done, not only the entry but the use of the land by the plaintiffs in error was lawful. Not so in the Kishi Case wherein the entry was not only unlawful but the denial of Kishi's rights was untrue, and the effect of such unlawful entry and untruthful denial had the effect to destroy the market value of Kishi's rights. There is no pleading on the part of the defendant in error of the existence of any unusual or special conditions known to the plaintiffs in error which would have reasonably lead to the conclusion that the entry upon and use of the land would have resulted in damages at the time the actual entry was made to the defendant in error, nor are there any special allegations to the effect that having this knowledge the plaintiffs in error had negligently entered upon and made use of the land whereby damage resulted to the defendant in error.

[3-5] In the Kishi Case the right to explore the land for oil had a market value of approximately $1,000 per acre during the time

that the Humble Oil & Refining Company was publishing to the world the falsehood that Kishi had no such right, accompanying this publication with the exclusive possession of the land. The courts very properly held that this conduct gave Kishi a right to recover that which he is shown to have lost by virtue thereof, to wit, the market value of this right during a certain time. In the case at bar the right of the defendant in error to explore the land for oil was recognized at all times. The entry and use of the land was clearly lawful up to the time that the defendant in error notified the plaintiffs in error of his intention to exercise his privilege to explore the land for oil. Had there been allegations in the petition that after being thus notified the plaintiffs in error had denied to the defendant in error the right to explore the land for oil or had negligently permitted the water which it had lawfully placed upon the land to remain thereon for such a length of time and under such circumstances as amounted to a failure of duty which the plaintiffs in error owed the defendant in error, followed by proof of such allegations whereby damage resulted to the defendant in error either in preventing him from exploring the land for oil or of making a sale of this right, then the plaintiffs in error would be liable to the defendant in error for such damages so occasioned by such negligence and failure to discharge such duty. There was no such pleading, and even if there had been such proof without such pleading, no recovery could be had. There was an implied contract between the parties who owned the respective interests in these three tracts of land so to exercise their rights therein as to avoid injury to the rights of the other parties. The defendant in error had the right to explore the land for oil at any time he saw fit, and the plaintiffs in error were under the duty to exercise their rights by virtue of their ownership, so as to permit the defendant in error to exercise his right without hindrance or inconvenience. However, where one of the parties claims that the others have interfered with the exercise of his right whereby he had been damaged, it is necessary for the party making such claim to allege and prove a state of circumstances showing that the adverse party had been guilty of negligence in the exercise of his rights. Whether this action so brought is one sounding in tort or in violation of the contract depends altogether upon the allegations and proof. The pleadings in this case fail to show that this action is one having the characteristics of an action sounding in tort, since it has been seen that the entry made upon the land by the plaintiffs in error was a lawful one. A tort, as applied to real property, has been defined to be "every entry upon the soil of another in the absence of lawful authority without the owner's license." To con-

stitute a tort the wrong must have amounted to a breach of a legal duty owing by the wrongdoer to the injured party. Clearly it was the duty of the plaintiffs in error when notified by the defendant in error of his intention to exercise his right to explore the land for oil to remove the water therefrom to the extent it was necessary to enable the defendant in error to exercise his right without unnecessary expense or incoevience. If the pleadings and proof had shown that the plaintiffs in error had failed to discharge this duty and damage had resulted to the defendant in error on account of such failure, the defendant in error would have been entitled to recover. Moreover, if there had been allegations and proof to the effect that the plaintiffs in error with knowledge that the construction of the dam and the covering of the land with water would reasonably have been injurious to the rights of the defendant in error and that this construction and the appropriation of the service of the land had in fact resulted in damage to such right, notwithstanding the plaintiffs in error were the owners of the land except the mineral rights owned by the defendant in error, the latter would have been entitled to recover his damages. In either of these cases the act or omission would not be of itself a distinct wrong, but would only become so through the injurious consequences proximately resulting therefrom. Under the facts in this case the proximate cause of the alleged injuries to the defendant in error was not the construction of the dam and the placing of the water upon the land at the time of this construction and placing, but the failure of the plaintiffs in error to remove said dam and water therefrom diligently after having been notified that the same constituted an inhibition to the defendant in error to exercise his rights to explore the land for oil after being notified of the latter's intention so to do. There being neither pleading nor proof that the defendant in error suffered any damage on account of this stated negligence, we have reached the conclusion that the original opinion rendered in this case is correct.

However, we have concluded that the last sentence concluding our original opinion needs explanation, though it is correct as far as it goes. While the defendant in error might have alleged and proved as a proximate result of the act of the plaintiffs in error he had sustained actual damages to that extent by being prevented from making a particular sale, this does not mean that he might not have recovered damages by proving the existence of a market value of the right denied him after alleging special circumstances of negligence on the part of the plaintiffs in error with due notice to them made in due time.

We therefore recommend that the motion for rehearing be overruled.