

# The Attorney General
# of Texas

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

Mr. O.J.S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-3357
Re: Does lessee of vendor under a
deed reserving minerals have the
right of ingress and egress for
the purpose of exploiting such
minerals?

This will acknowledge receipt of your letter of March 29, requesting the opinion of this Department. We quote your letter in full as follows:

"Mr. Ray Chapman, Auditor of the Texas Prison System, advises he delivered to you the deed to the Blue Ridge State Farm which reserves to Mr. Bassett Blakely, vendor, the mineral rights.

"Recently a man by the name of Richards set up a derrick and other equipment for sinking a shaft to operate a salt mine on the Edward Drew Survey which comprises part of the Blue Ridge State Farm purchased from Mr. Bassett Blakely.

"Please refer to the deed in your possession and advise if Mr. Richards after entering into a lease with Mr. Blakely would have a right to move in on this property without consulting the prison system and if your answer is yes, would we have a right to all damages sustained or would the necessary damages for the operation of a salt mine be exempted?"

We wrote you that the deed to which you refer in your letter was not in our posssession and requested that we be furnished with a copy thereof. A copy of this deed was enclosed in your letter of April 18th, receipt of which we acknowledge.

This deed contains a mineral reservation and we quote the following pertinent excerpt:

"It is further agreed and understood that the

said Bassett Blakely does not convey by this instrument any of the oil, gas or minerals upon, in or under said land.     .....The grantor, his assigns and lessees, shall have the right of ingress and egress in the lands herein conveyed for the purpose of exploiting the said lands for oil, gas and other minerals, but such right shall be exercised in such a way as to occasion no unnecessary damage, either to the surface of said lands or to any growing crops thereon, and all actual damages occasioned by the exercise of said rights shall be paid to the Prison Commission."

In view of this express provision in the deed by which the prison system acquired title to the land, there can be no question that the vendor's lessee has the right to enter upon the land to exploit the mineral estate.

Even in the absence of such a stipulation in the deed, under the Texas law the owner of the mineral estate is given the right of ingress and egress for the purpose of exploring and developing. Donnell v. Otts (Civ. App., Ft. Worth, 1921), 230 S.W. 864.

"The law is well settled in this state that. . . the lessee (under a mineral lease) has the right of possession of any part of the surface of the land as may be reasonably necessary for development and exploration. . . ." United North and South Oil Co. v. Mercer (Civ. App., Austin, 1926) 286 S.W. 652.

However, under the provisions of Article 6166g (Vernon's Ann. St.) the Texas Prison Board is given the exclusive management and control of the prison system and all its properties.

As we understand your inquiry, the property in question constitutes a part of a prison farm, and we realize that there might be some conflict between the authority of the Prison Board over the land and the rights of the owner of the mineral estate to extract the minerals.

Neither the prison officials nor the owner of the mineral estate may wantonly disregard the rights of the other upon the surface of the land in question:

"It has been said that there is an implied contract between the owner of the surface estate and the owner of the oil and gas that each will exercise his right in such a manner as to avoid injuring the other." 31 Tex. Jur. 559. See also Humble Oil & Refining Co. v. Wood

(Com. App. Sec. B, 1927) 294 S.W. 197.

The situation as you have outlined it appeals to us as one which might be equitably adjusted between the parties through consultation. We do not believe that the right of the prison officials to require that entry upon the land in question be such as will not interfere with the conduct of the prison farm can be questioned.

Such requirements must, of course, be reasonable and such as will not substantially interfere with the right of the owner of the mineral estate to develop such estate.

Answering the latter portion of your inquiry, we wish to point out that the deed provides that "all actual damage occasioned by the exercise of the right (to extract the minerals) shall be paid to the Prison Commission."

Trusting that we have sufficiently answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Peter Maniscalco
    Peter Maniscalco
    Assistant

PM:AMM:wc

APPROVED MAY 14, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/GRL Chairman