## SPRINGER v. HEATH MOTOR CO.

No. 12542.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 21, 1953.

Harrison & Smallwood, San Antonio, for appellant.

Levey & Goldstein, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment in favor of Heath Motor Company and Tom J. Heath, d/b/a Heath Motor Company, which held that Heath was not the partner of nor principal for L. C. Fisher, from whom the appellant purchased a car. Karl Springer, a minor, purchased an automobile and paid $900 on the purchase price, only to have the automobile repossessed in satisfaction of a prior mortgage. This suit was brought to recover the consideration paid. Heath defended on the grounds that he was in no way a party to nor interested in the transaction, and that the trade was entirely between Springer and L. C. Fisher. The case narrows down to a single issue—whether Heath is estopped to deny an agency between himself and Fisher.

Springer went to a secondhand car lot in San Antonio. There were two signs hanging over the lot. A large neon sign exhibited the name "Heath Motor Company." Beneath the large sign was a smaller one with the inscription "L. C. Fisher, Jr., Autos." Heath owned a lease on the lot, but he sublet a part of the lot to Fisher, who paid him one-half of the rent and operating expenses on the lot. Heath and Fisher each sold automobiles, but they were not working for each other as employees or partners. On some occasions, before the transaction with Springer, Heath and Fisher would show automobiles belonging to the other when he was absent from the lot, but neither ever actually closed a transaction on an automobile owned by the other. Springer had all his dealings with Fisher, and none of them with Heath. Fisher showed the automobile to Springer, quoted him the terms of a trade, and closed the trade. Fisher gave Springer a receipt for the consideration, which stated "Heath Motor Company, by L. C. Fisher." A portion of the cash consideration was later paid by Fisher to Heath, but the trial court found, based on sufficient evidence, that it was in payment to Heath for rent or other debts owing Heath. Heath did not own the vehicle sold to Springer, knew nothing of the sale, and denied he knew anything about the receipt Fisher gave Springer.

When Fisher received payment of the consideration for the vehicle, he told Springer he would send him the certificate of title. Springer did not receive his title papers, and upon inquiry learned that Fisher had left town. He also learned that Allied Auto Finance Company held a mortgage on the automobile. That firm later repossessed the automobile and Springer has recovered no part of the consideration he paid.

The facts were disputed, but the trial court determined that the evidence did not support the doctrine of agency by estoppel against the defendant. We can not say that the evidence, as a matter of law, shows such an agency relation.

"Apparent authority is based on estoppel, and can arise from but two sources: First, the principal may knowingly permit the agent to so hold himself out as having such authority, and in this way the principal becomes estopped to claim that the agent does not have such authority. * * * Second, the principal may so clothe the agent with the indicia of authority as to lead a reasonably prudent person to believe that he actually has such authority." Great American Casualty Co. v. Eichelberger, Tex.Civ.App. 37 S.W.2d 1050, 1052; Wewerka v. Lantron, Tex.Civ.App., 174 S.W.2d 630.

The record shows that Heath, as the purported principal, knew nothing of the transaction and did nothing to negotiate or close it, nor does it show that Fisher had ever previously closed a trade in Heath's name. Except for the receipt prepared by Fisher, nothing indicates what representations of his own agency Fisher may have made. But, standing alone, an agent's pretentions to authority do not create authority. Continental Oil Co. v. Baxter, Tex.Civ.App., 59 S.W.2d 463. We think Heath can not be held by reason of an estoppel, since it is not made to appear that he had any knowledge of Fisher's assumption of authority. Simon v. Temple Lumber Co., Tex.Civ.App., 178 S.W. 681. L. C. Fisher personally handled a transaction at a place where a sign stated L. C. Fisher was in business, and we are of the opinion that this did not mislead the customer into believing that Fisher was acting as the agent for someone else. Collins v. San Antonio Food Products & Produce Co., Tex.Civ.App., 188 S.W.2d 888; Cleveland & Sons v. Houston Sporting Goods Store, Tex.Civ.App., 166 S.W. 912; Guaranty Bank & Trust Co. v. Beaumont Cadillac Co., Tex.Civ.App., 218 S.W. 638; 2 C.J.S., Agency, § 29(b).

The judgment is affirmed.