George CHAPAPAS, Appellant,

v.

DELHI–TAYLOR OIL CORPORATION and Mayfair Minerals, Inc., Appellees.

No. 13420.

Court of Civil Appeals of Texas.

San Antonio.

March 18, 1959.

Rehearing Denied April 15, 1959.

William E. York, McAllen, for appellant.

Turner, White, Atwood, McLane & Francis, Dallas, Stafford, Atlas & Spilman, McAllen, for appellee.

POPE, Justice.

This case concerns the rights and duties between an oil and gas lessee and a surface lessee. Appellant, George Chapapas, sued appellees, Delhi-Taylor Oil Corporation and Mayfair Minerals, Inc., for damages for breach of their oral agreement to pay damages to Chapapas for his forbearance in irrigating lands which would flood a proposed

drill site for a gas well. Chapapas relied solely upon the oral agreement.

Appellees owned an oil and gas lease on the lands in suit, as well as other adjoining lands. Chapapas, at a date subsequent to the oil and gas lease, became the lessee of an agricultural lease. During January, 1957, Chapapas was in the process of filling a canal to commence irrigating a twenty-four-acre tract which he planned to plant. H. R. Walker, the District Superintendent of Production for both Delhi-Taylor and Mayfair, contacted Chapapas on at least three different occasions and advised him that appellees planned to drill a well on the lands. Plaintiff, Chapapas, alleged that in the. course of .these conversations Walker agreed that appellees would pay him any damages he suffered by reason of his not irrigating the tract. Appellees drilled the well and this action is for damages to twenty acres exclusive of the actual drill site.

The jury found that Walker made the agreement to pay Chapapas damages, that the appellee oil corporations, by their acts and conduct, led Chapapas to believe that Walker had authority to bind them, that Chapapas relied upon such acts and conduct, that a reasonably prudent person would have so relied upon them, and that Chapapas was damaged in the sum of $2,-000. The court then rendered judgment notwithstanding the verdict.

We can simplify the case by looking at the grounds asserted by appellees, that Chapapas failed to prove his case. In doing this, we find that appellees urged that Chapapas failed to plead Walker's apparent authority, that Chapapas failed to prove apparent authority, and that the oil and gas lease entitled appellees to the drill site, for which reason there was no consideration for the oral agreement, even if made and if Walker had authority to make it.

■ We shall first examine Chapapas' pleading and proof. He pleaded that Walker came to him when he was preparing to irrigate the lands, and told him that appellees desired to drill a gas well and that if he, Chapapas, would hold off irrigating, appellees would pay all damages resulting to him, both from the delay in irrigating and from the drilling of the well. This was a broad pleading, but appellees' answer was wholly devoid of any exceptions which would have called for more complete pleadings. The pleadings were sufficient absent special exceptions, to permit proof of apparent authority. Cox, Inc. v. Humble Oil & Refining Co., Tex.Com.App., 16 S.W.2d 285; Rule 90, Texas Rules of Civil Procedure.

■ The next question is whether appellant proved the oral contract. In our opinion, there is no more than a scintilla of evidence of an oral agreement to pay. The contract relied upon was supposedly made between plaintiff, Chapapas, and Walker as agent for appellees. Walker denied that there was any agreement. Chapapas testified that there was no agreement with respect to the amount of damages, but that Walker agreed "to go to bat" for him. His words are: "He (Walker) said I was entitled to damages and take it up with the company and go to bat for me. * * * He said he would see Judge Thompson (President of Mayfair) and help me get damages. * * * Mr. Walker told me that the company would pay damages and go to bat for me with the company or to see they did or to that effect." This evidence proves that Walker, instead of making a contract binding upon the appellee corporations, merely agreed to become an intercessor and that he would aid and strongly recommend to his principals that they pay Chapapas. This proof falls short of a present agreement to pay damages as alleged.

■ Chapapas further failed in his proof of apparent authority. Apparent authority is grounded upon the conduct of the principal. What the principal did or neglected to do is the thing upon which the third party must rely for apparent authority to arise. This involves an awareness by the third party of the principal's conduct.

Walker was a production superintendent for appellees. The ostensible authority which Chapapas claims Walker had, was the power to make contracts and to settle claims. No former or subsequent transaction demonstrated that Walker had ever performed or purported to perform such functions. Not until some time later, did Chapapas have any contact or communication with the principal and that was in the nature of negotiations to settle his claim. From the statement of facts we find nothing that the principal is charged with doing or neglecting to do which misled Chapapas. There was no evidence of this element of apparent authority. National Cash Register Co. v. Wichita Frozen Food Lockers, Tex.Civ. App., 172 S.W.2d 781, affirmed 142 Tex. 109, 176 S.W.2d 161; Tompkins' Machinery & Implement Co. v. Peter, 84 Tex. 627, 19 S.W. 860; Springer v. Heath Motor Co., Tex.Civ.App., 261 S.W.2d 757; 2 C.J.S. Agency § 96e(3); cf. Union Producing Co. v. Allen, Tex.Civ.App., 297 S.W.2d 867, 870.

 Finally, the court properly granted judgment non obstante veredicto, because the oral contract, even if made, and if made by one with apparent authority, was without consideration. Appellees had an oil and gas lease which was recorded and was prior in time to the surface lease owned by appellant, Chapapas. By force of the lease, appellees had the right to use so much of the surface as they needed to enforce and enjoy their mineral estate. Harris v. Currie, 142 Tex. 93, 176 S.W.2d 302; Placid Oil Co. v. Lee, Tex.Civ.App., 243 S.W.2d 860. Chapapas' surface lease expressly recognized that it was servient to the prior oil and gas lease in its provision: "This contract is made subject to the right of lessees under any existing or future leases for oil, gas and other minerals." Robinson Drilling Co. v. Moses, Tex.Civ. App., 256 S.W.2d 650. It must be understood that Chapapas made no contention grounded upon negligence or that appellees used more land than was necessary for their operations. Warren Petroleum Corp. v. Martin, 153 Tex. 465, 271 S.W.2d 410. Appellees in drilling and using the surface, therefore, were doing only what they owned the right to do, and the surface lessee's rights were servient to those rights. The surface lessee had no right, by flooding the lands, to interfere with or defeat appellees' dominant rights. Humble Oil & Refining Co. v. Wood, Tex.Com.App., 294 S.W. 197. It follows, therefore, even if Chapapas had proved an oral agreement, that appellees' defense of no consideration was good. Chapapas was already under the duty to forbear doing things which would interfere with the exercise of the surface rights by appellees. The discharge of that duty was the only consideration for any promise by appellees to pay Chapapas, and therefore was no consideration at all. Jones v. Risley, 91 Tex. 1, 32 S.W. 1027; Witherspoon v. Green, Tex.Civ.App., 274 S.W. 170; 17 C.J.S. Contracts § 111.

The judgment is affirmed.