M.F. MARTENS, et ux., Appellants,

v.

**PRAIRIE PRODUCING COMPANY, Appellee.**

No. C14–83–483CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 5, 1984.

James W. Bradford, Angleton, for appellants.

Joseph Patterson, Kee & Patterson, Angleton, for appellee.

Before PAUL PRESSLER, MURPHY and SEARS, JJ.

SEARS, Justice.

This appeal involves the rights of the owner of mineral rights to enter, against the wishes of the owner of the surface rights, and explore the land.

Appellants, the surface owners of a 101 acre tract of land, appeal from a summary judgment awarding damages to Appellee, the lessee of the mineral rights. Appellants allege that summary judgment was improperly granted due to their raising fact issues concerning: (1) fraud on the part of Appellee's agent in presenting proposals to them; and (2) whether they accepted one of the proposals. We find no such fact issues and we affirm the order of the trial court.

In April 1981, Appellee decided to drill an oil well on Appellants's property. Douglas Ivey, an agent of Appellee, contacted Appellants on April 16, 1981, to discuss entry on and exploration of the property, and to present a written proposal. The proposal contained provisions for Appellee to build a road from point of entry to the well site and compensation for use of land in the event they made a well. Appellants refused to sign it because they could not agree on the amount to be paid in the event the well produced. Ivey returned the next day with a revised proposal which Appellants also refused to sign, stating they wanted their lawyer to review it. However, Appellants did not contact any lawyer until approximately April 22, after they realized that Appellee was going to proceed with its operations in a different manner than that contemplated by the proposal. Appellee obtained permission from an adjoining land owner to enter his land and thereby cross only a small area of Appellants's land.

Appellee filed its Original Petition on May 9, 1981, when Appellants denied access to Appellee and its contractors. A drilling rig was ready to enter but refused to enter without court approval, thereby accumulating "stand-by" time for which Appellee was charged. A temporary restraining order was issued on May 11,

1981, and the order granting the temporary injunction was signed on May 19, 1981. Appellee moved for summary judgment in May 1983, after drilling a dry hole, alleging that it was entitled to enter the property to drill since it was the holder of an oil and gas lease, that Appellants had prevented the exercise of that right and that it thus was damaged in the amount of $6,648.00. Appellants alleged fraud and breach of contract in their Response to Motion for Summary Judgment. The Motion for Summary Judgment was granted on May 10, 1983.

Appellants allege that the fact issues of fraud in presenting the proposal and in whether they accepted the proposal should have precluded the trial court from granting the summary judgment. We disagree.

Appellants contend "that Ivey made an offer to [them] concerning the land ... when he knew it was going to be withdrawn" and that "the offer was made in order to get [their] cooperation and act [sic] upon it". Even if Appellants proved what they pled, this does not raise an issue of fraud. This same argument was rejected in *Medina v. Sherrod,* 391 S.W.2d 66 (Tex. Civ.App.—San Antonio 1965, no writ). In *Medina,* the plaintiff swore that the defendant had no intention of keeping his promise when he made it. That court held that

> the bare assertion that at the time the promise was made, defendant had no intention of performing, amounts to no more than a statement of plaintiff's opinion or conclusion concerning defendant's state of mind. Statements of opinion and conclusions are insufficient, even if sworn to, to raise an issue of fact. 'A conclusion sworn to is still a conclusion, and is not evidence sufficient to raise an issue of fact as to whether there was any fraud ....'

*Id.* at 69 (cite omitted). We hold that the trial court correctly found that Appellants failed to establish fraud.

 Appellants also contend they raised a fact issue as to whether Appellee is bound by an agreement allegedly reached on April 16, 1981. Appellee responds that there was no acceptance by Appellants and that, even if a fact issue concerning acceptance had been raised, there was no consideration for the agreement. We agree with Appellee.

In M.F. Martens's deposition, he testified that he and Ivey were "still working it out" on the night of the first proposal and that he told Ivey, upon receipt of the second offer, that he wanted his lawyer to read it and that he would not sign it until his lawyer reviewed it. The proposal was never signed or orally accepted by Appellants. The trial court correctly determined that Appellants raised no fact issue of acceptance.

 Finally, we find no evidence of any consideration. Appellants contend that two promises were made, that Appellee would have the rights of ingress and egress and that it would be released from liability for surface damages. However, Appellants did not promise to do anything that they were not obligated to do. The rights of ingress and egress attach to the mineral estate, as does the right to reasonably use the surface estate. *Stanolind Oil & Gas Co. v. Wimberly,* 181 S.W.2d 942, 944 (Tex.Civ.App.—El Paso 1944, no writ). Discharge of a legal duty is not consideration. *Phillips Petroleum Co. v. Cargill,* 340 S.W.2d 877, 880 (Tex.Civ.App.—Amarillo 1960, no writ); *Chapapas v. Delhi-Taylor Oil Corp.,* 323 S.W.2d 64, 67 (Tex.Civ. App.—San Antonio 1959, writ ref'd n.r.e.). Thus, the trial court correctly held that there was no fact issue concerning consideration.

Appellants's point of error is overruled and the judgment is affirmed.