

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 5, 1990

Mr. Dennis R. Jones
Commissioner
Texas Department of Mental
  Health and Mental Retardation
P.O. Box 12668
Austin, Texas  78711

Opinion No. JM-1216

Re:   Whether the Depart-
ment of Mental Health and
Mental Retardation is au-
thorized to contract with
the  parents  of mentally
disabled  individuals for
the  provision of  commu-
nity based  mental health
services  (RQ-1912)

Dear Mr. Jones:

You ask whether the  Texas Department of Mental  Health
and Mental Retardation  (hereinafter the "department")   may,
pursuant to section  2.13 of  the Mental  Health and  Mental
Retardation Act, V.T.C.S. art.  5547-201, et seq., contract
with the parents of a mentally disabled person served by the
department  for  the  provision  of  community-based  mental
health and  mental  retardation services  to  that  mentally
disabled  person.   Specifically,   you  ask  whether   such
contracts    would    (1)    be    supported   by   sufficient
consideration,   (2)   be    inconsistent  with   a   parent's
obligation to  reimburse  the  department for  the  cost  of
providing services, or (3) be  in violation of Article  III,
section 51, of the Texas Constitution.

Section  2.13   of  the  Mental  Health  and   Mental
Retardation Act authorizes the department to

> cooperate, negotiate, and contract with local
> agencies, hospitals,  private  organizations
> and   foundations,    community    centers,
> physicians and persons  to plan, develop  and
> provide  community-based  mental  health  and
> mental    retardation    services.    (Emphasis
> added).

The term "persons" as used in section 2.13 would include the
parents  of  a  mentally  disabled  person.    V.T.C.S.   art.
5547-300, § 3(26).

Texas law provides that the parents of a minor child must provide the child with clothing, food, shelter, medical care, education, and necessaries. See generally Fam. Code §§ 4.02, 11.01, 12.04. Moreover, one is bound to support his children in a manner suitable to their circumstances in life, commensurate with his ability to pay for their support. In Interest of J.M. and G.M., 585 S.W.2d 854 (Tex. Civ. App. - San Antonio 1979, no writ). Ordinarily, one is not obligated to support an adult child, but there are exceptions. See Fam. Code §§ 4.02, 14.05(b), 14.051.

Consideration is, of course, a fundamental element of a valid contract. Discharge of a legal duty is not consideration. Martens v. Prairie Producing Co., 668 S.W.2d 889 (Tex. Civ. App. - Houston [14th Dist.] 1984, no writ). Therefore, any contract between the department and the parents of a mentally disabled person, in order to be supported by sufficient consideration on the part of the parents, must be for the performance of services that the parents are not already legally obligated to provide.

It is apparent that the scope and extent of a parent's duty to provide support may vary somewhat according to the circumstances of each individual situation. Because this opinion cannot anticipate or resolve fact questions which may arise concerning the scope of a parent's duty to provide necessaries to a child, we are limited to advising you on matters of law. However, it is possible to state as a matter of law that the provision of clothing, food, shelter, medical care, and education to one's minor child to whom one owes a duty of support is insufficient consideration to support a contract. In the case of an adult client to whom a parent owes no continuing duty of support, the department may contract with the parent as it would with any other person.

Section 4.02 of the Family Code provides that parents are liable to persons who provide necessaries to a child to whom support is owed. Section 2.30 of the Mental Health and Mental Retardation Act provides, in part:

> (a)   The Department and each community center has a lien to secure reimbursement for the cost of providing support, maintenance, and treatment to a mentally ill patient or mentally retarded client.

> (b)   The lien attaches to:

> (1)  all  nonexempt  real  and  personal property  owned  or  later  acquired  by  the mentally ill  patient  or  mentally  retarded client or by a person legally responsible for the support of the patient or client;

. . . .

Clearly,  the  legislature  intends  that  the  person responsible for the support of a mentally retarded person be responsible  for  the  department's  costs  in  providing services.  It  is  anomalous for  the  department to  pay  a person for providing services when that person is,  in  turn, responsible  to  the  department  for  the  cost  of  those services.

Article III,  section  51, of  the  Texas  Constitution prohibits,  generally,  the  granting  of  public  money  to private individuals.  However, Article III, section 51-a,  of the Texas Constitution expressly permits the legislature  to provide assistance grants to, among others, needy  dependent children, the caretakers of such children, and needy persons who are totally and permanently disabled because of a mental handicap.  Article  5  of  the  Mental  Health  and  Mental Retardation  Act,  V.T.C.S.  art.  5547-205,[1]  for  example, provides that the department may award support to a mentally disabled person or a family with a mentally disabled  family member.  The  statute  limits  such  support  payments  and provides purposes for which support may be granted.

Should  the  department  enter  into  contractual arrangements which are, as a matter of law, not supported by consideration, the department would, in effect, be making  a grant to the recipient of  any benefit under that  contract. While grants to mentally disabled persons or their  families may be constitutional, if properly authorized by statute, we find nothing in the language  of section 2.13 of the  Mental Health  and  Retardation  Act  that  suggests  that  the legislature intended for  contracts entered into  thereunder to be grants  rather than  true  contracts.  However, where contracts under section 2.13 of the Mental Health and Mental Retardation Act are  supported by sufficient  consideration, and sufficient controls are maintained to ensure the  public

---

1.  There are two articles 5547-205.  The one discussed here was originally added by Acts 1987, 70th Leg., ch.  835, § 1, at 2871, and subsequently amended.

purpose is achieved, such contracts would not be in violation of Article III, section 51, of the Texas Constitution.  Attorney General Opinion JM-1030 (1989).

### S U M M A R Y

Any contract between the Department of Mental Health and Mental Retardation and the parents of a mentally disabled person for the provision of community-based mental health and mental retardation services to that mentally disabled person, in order to be supported by sufficient consideration on the part of the parents, must be for the performance of services that the parents are not already legally obligated to provide.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

**MARY KELLER**
First Assistant Attorney General

**LOU MCCREARY**
Executive Assistant Attorney General

**JUDGE ZOLLIE STEAKLEY**
Special Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**RICK GILPIN**
Chairman, Opinion Committee

**Prepared by John Steiner**
Assistant Attorney General