Mr. Dennis R. Jones Commissioner Texas Department of Mental Health and Mental Retardation P.O. Box 12668 Austin, Texas 78711
Re: Whether the Department of Mental Health and Mental Retardation is authorized to contract with the parents of mentally disabled individuals for the provision of community based mental health services (RQ-1912)
Dear Mr. Jones:
You ask whether the Texas Department of Mental Health and Mental Retardation (hereinafter the "department") may, pursuant to section 2.13 of the Mental Health and Mental Retardation Act, V.T.C.S. art. 5547-201, et seq., contract with the parents of a mentally disabled person served by the department for the provision of community-based mental health and mental retardation services to that mentally disabled person. Specifically, you ask whether such contracts would (1) be supported by sufficient consideration, (2) be inconsistent with a parent's obligation to reimburse the department for the cost of providing services, or (3) be in violation of Article III, section 51, of the Texas Constitution.
Section 2.13 of the Mental Health and Mental Retardation Act authorizes the department to
 cooperate, negotiate, and contract with local agencies, hospitals, private organizations and foundations, community centers, physicians and persons to plan, develop and provide community-based mental health and mental retardation services. (Emphasis added).
The term "persons" as used in section 2.13 would include the parents of a mentally disabled person. V.T.C.S. art. 5547-300, § 3(26).
Texas law provides that the parents of a minor child must provide the child with clothing, food, shelter, medical care, education, and necessaries. See generally Fam. Code §§ 4.02, 11.01, 12.04. Moreover, one is bound to support his children in a manner suitable to their circumstances in life, commensurate with his ability to pay for their support. In Interest of J.M. and G.M.,585 S.W.2d 854 (Tex.Civ.App.-San Antonio 1979, no writ). Ordinarily, one is not obligated to support an adult child, but there are exceptions. See Fam. Code §§ 4.02, 14.05(b), 14.051.
Consideration is, of course, a fundamental element of a valid contract. Discharge of a legal duty is not consideration. Martens v. Prairie Producing Co., 668 S.W.2d 889 (Tex.Civ.App.-Houston [14th Dist.] 1984, no writ). Therefore, any contract between the department and the parents of a mentally disabled person, in order to be supported by sufficient consideration on the part of the parents, must be for the performance of services that the parents are not already legally obligated to provide.
It is apparent that the scope and extent of a parent's duty to provide support may vary somewhat according to the circumstances of each individual situation. Because this opinion cannot anticipate or resolve fact questions which may arise concerning the scope of a parent's duty to provide necessaries to a child, we are limited to advising you on matters of law. However, it is possible to state as a matter of law that the provision of clothing, food, shelter, medical care, and education to one's minor child to whom one owes a duty of support is insufficient consideration to support a contract. In the case of an adult client to whom a parent owes no continuing duty of support, the department may contract with the parent as it would with any other person.
Section 4.02 of the Family Code provides that parents are liable to persons who provide necessaries to a child to whom support is owed. Section 2.30 of the Mental Health and Mental Retardation Act provides, in part:
 (a) The Department and each community center has a lien to secure reimbursement for the cost of providing support, maintenance, and treatment to a mentally ill patient or mentally retarded client.
(b) The lien attaches to:
 (1) all nonexempt real and personal property owned or later acquired by the mentally ill patient or mentally retarded client or by a person legally responsible for the support of the patient or client;
. . . .
 Clearly, the legislature intends that the person responsible for the support of a mentally retarded person be responsible for the department's costs in providing services. It is anomalous for the department to pay a person for providing services when that person is, in turn, responsible to the department for the cost of those services.
Article III, section 51, of the Texas Constitution prohibits, generally, the granting of public money to private individuals. However, Article III, section 51-a, of the Texas Constitution expressly permits the legislature to provide assistance grants to, among others, needy dependent children, the caretakers of such children, and needy persons who are totally and permanently disabled because of a mental handicap. Article 5 of the Mental Health and Mental Retardation Act, V.T.C.S. art. 5547-205,[1]
for example, provides that the department may award support to a mentally disabled person or a family with a mentally disabled family member. The statute limits such support payments and provides purposes for which support may be granted.
Should the department enter into contractual arrangements which are, as a matter of law, not supported by consideration, the department would, in effect, be making a grant to the recipient of any benefit under that contract. While grants to mentally disabled persons or their families may be constitutional, if properly authorized by statute, we find nothing in the language of section 2.13 of the Mental Health and Retardation Act that suggests that the legislature intended for contracts entered into thereunder to be grants rather than true contracts. However, where contracts under section 2.13 of the Mental Health and Mental Retardation Act are supported by sufficient consideration, and sufficient controls are maintained to ensure the public purpose is achieved, such contracts would not be in violation of Article III, section 51, of the Texas Constitution. Attorney General Opinion JM-1030 (1989).
 SUMMARY
Any contract between the Department of Mental Health and Mental Retardation and the parents of a mentally disabled person for the provision of community-based mental health and mental retardation services to that mentally disabled person, in order to be supported by sufficient consideration on the part of the parents, must be for the performance of services that the parents are not already legally obligated to provide.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by John Steiner Assistant Attorney General
[1] There are two articles 5547-205. The one discussed here was originally added by Acts 1987, 70th Leg., ch. 835, § 1, at 2871, and subsequently amended.