## GEORGE BERRY V. THE STATE.

*No. 3725.   Decided December 5.*

1. Aggravated Assault and Battery—Intent in.—In assault and battery and aggravated assault and battery the "intent to injure" is the principal ingredient of the offense.

2. Same—Evidence—Defendant's Right to Testify as to His Intent.—Where on trial of a defendant for aggravated assault and battery the defendant, who was a witness in his own behalf, was asked what was his object and purpose in striking the boy with a switch, which question and answer thereto were ruled out by the court as inadmissible, *held*, error. A party when examined as a witness may be asked as to his own motives and intentions when these are material. Such testimony is not incompetent because it comes from the mouth of the defendant.

APPEAL from the County Court of Parker. Tried below before Hon. I. N. Roach, County Judge.

The information charged an aggravated assault by an adult male upon a child, which assault was alleged to have been committed by the accused by striking said child with a switch. At the trial defendant was found guilty and his fine was assessed at $25.

The injured party testified that he was 9 years old. "We, Beulah Hall and myself, were coming from school at the time. I was climbing over his fence, which was between two and three feet high, and was across the path that we traveled to school. Mr. Berry rose from behind some brush and said, 'Get out of there and pull out home,' and ran up to me and struck me. I was on the inside of his fence. I said when I came up, that 'That was a hell of a fence for a man to have.' I said that to Beulah Hall. I then went to the fence and

pulled down three or four rails. I just pulled them down to see what he would do. I knew it was Mr. Berry's fence. I had pulled some rails off of his fence before. He hit me four licks on my back. I had my coat on at the time. The licks hurt me." It was shown by the evidence that the injured boy, Mead Shannon, was an orphan, and 9 years old.

No briefs for either party on file.

WHITE, PRESIDING JUDGE.—Appellant was convicted of aggravated assault. He testified as a witness in his own behalf at the trial.

During his examination as a witness his counsel asked him "What was his object and purpose in striking the boy with the switch?" to which the State objected, and the court sustained the objection upon the ground that the jury would judge of the objects and motives of the defendant from the facts. In an assault and battery and aggravated assault and battery the intent to injure is the principal ingredient of the offense. Penal Code, art. 484.

Mr. Wharton says: "Ordinarily a witness can not be examined as to another person's motives. It is otherwise with a witness' own motives, as to which, when relevant, he is always open either to examination or cross-examination. Hence a party when examined as a witness may be asked as to his own motives and intentions when these are material." Whart. Crim. Ev., 8 ed., sec. 431; 1 Whart. Ev., 2 ed., secs. 482, 508; 2 Whart. Ev., 2 ed., sec. 955; 3 Ct. App. C. C., sec. 134.

"Under the common law and practice, until recent times, no question of the defendant testifying as to his intention could arise. Under recent statutes authorizing the accused to testify in his own behalf the question has several times arisen. As the intent is the essence of the crime, * * * and if there was no intent to commit the act charged there was no guilt, it necessarily follows that testimony direct as to the intent is competent, and it is not incompetent because it comes from the mouth of the defendant." 9 Crim. Law Mag., 166, and authorities cited.

Because the court erred in excluding the evidence of the defendant as to his motives and intentions, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.