## URSO v. CITY OF DALLAS.

### No. 14079.

Court of Civil Appeals of Texas. Dallas.

June 10, 1949.

Rehearing Denied July 8, 1949.

Angelo Piranio, Dallas, for appellant.

H. P. Kucera, City Attorney, and Robt. B. Hershey, Assistant City Attorney, both of Dallas, for appellee.

CRAMER, Justice.

Appellee brought this suit to require appellant to specifically perform a contract of sale covering a small tract of land now a part of Central Boulevard in the City of Dallas. On June 3, 1947, appellant signed the usual form of written land sales contract which made no reference to rezoning the property, but recited the only consideration to appellant to be $1294. The City accepted such contract and ordered payment June 4, 1947. When called upon to sign the deed, appellant refused to do so on the ground that the agent of the City was guilty of fraud in its procurement, in that, as a part of the consideration, such agent orally agreed with appellant that the City would zone the balance, or unsold portion of said tract, for business, since he desired to build a place of business thereon as he had theretofore planned. Thereafter when appellant, on September 5, 1947, made an application to the Zoning Board for a change of the zoning on the lot from residential to business, such Board, after a hearing, not only refused to so zone the property, but changed the classification of another and adjoining lot owned by appellant from business to residential.

Appellant refused to comply with his written contact and sign the deed to the property covered by such sales contract; alleging that he would not have signed the contract but for such representations of the right of way agent; which representations said agent knew, at the time the contract was signed, were fraudulent and which he knew would not be performed.

At the conclusion of the testimony the trial court withdrew the case from the jury and entered judgment for appellee City. Appellant Urso has duly perfected this appeal from that judgment.

Appellant assigns five points of error, in substance as follows: (1) The action of the court in withdrawing the case from the jury and entering judgment for the

City instead of instructing a verdict by the jury; (2) in not submitting the testimony of the right of way agent (an interested witness) to the jury; (3) the trial court's error in not submitting the issue of fraud in the procurement of the contract to the jury; (4) the evidence raising the issue of fraud, the court erred in rendering judgment for appellee; and (5) the trial court's holding that the representations of the right of way agent were not fraud and not admissible. Appellee takes the opposite view as to each of such points.

█ Appellant's first point must be overruled. The law before the adoption of the new rules was settled in favor of appellee. Zachary et al. v. City of Uvalde, Tex. Com.App., 42 S.W.2d 417; and cases cited in 36 Texas Digest, Trial, ☜180. The new rules have not changed the situation. Rudco Oil & Gas Co. et al. v. Gulf Oil Corporation et al., Tex.Civ.App., 169 S.W.2d 791, error refused, w.m.

█ The four remaining points will be considered together. The appellant's testimony relied on to raise the issue of fraud was in substance that appellant first told appellee's right of way agent in May 1947 he did not want to sell; the property was zoned commercial; that was his reason for purchasing it. Later the right of way agent returned and told him "the city would take it anyway." "They would go ahead and sue." He told him to "go ahead and sue me, condemn it." The agent then offered 10½ cents a foot. Appellant declined such offer. The agent then returned and offered 17½ cents a square foot, which appellant also declined. Still later the agent came back again, at which time appellant offered to take $8,500 for the land, or 35 cents a foot and the City rezone what he had left commercial. The agent stated that the city would not pay $8,500, but he would take the other up with his superior. A few days later he returned, stating "We will give you 35 cents a square foot for it, and rezone all the rest of Lot 12." To this, the appellant agreed. Asked why the rezoning wasn't put in the contract, the agent stated he was "not allowed to put it in the contract," but the City could do anything and he would see that it was rezoned. He told appellant he would have to make application to the Zoning Board and Council to rezone the portion that was left. Appellant made the necessary application, but the Zoning Board and the Council, after hearing, not only refused to rezone the property from residential to commercial, but rezoned his adjoining lot from commercial back to residential. When the right of way agent came back to get the deed, appellant told him about the action of the Zoning Board. The agent then stated: "Well, I can't do anything about it. Them other people come up there with petitions and beat you." He testified that he would not have agreed to sell the property at 35 cents a square foot but for the promise to rezone the other part of the lot. He further testified that he could not use the remaining part for a residence, since 6,000 square feet would be necessary to secure a building permit to build a residence on a lot in the City of Dallas. Appellant's witness Thornberry testified he heard of the conversation between appellant and appellee's agent about zoning the property. Appellant told the agent the price was all right, if he would see that the property was rezoned.

The sole question raised by all these points is whether such testimony, if found by the jury to be true, would entitle appellant to recover.

It is immaterial that such testimony was denied by the right of way agent, since that would only have made a jury issue.

In our opinion the evidence is sufficient to raise an issue as to whether appellant would have signed the contract but for the "representations"; but, standing alone, is not sufficient to form the basis of a judgment for appellant.

██ Too, the "representations" amounted to no more than an oral promise, not included in the written contract, to do something in the future. Even in a specific performance suit, the general rule is: "The failure to perform an oral promise to do something in the future, upon which the defendant relied, is not a defense unless the promise was made fraudulently—that is, for the purpose of inducing the execution of the contract by the other party *and*

*without any intention at the time to per-. form.*" 38 Tex.Jur., sec. 11, 659 (Emphasis ours).

In the case of Swink v. City of Dallas, Tex.Com.App., 36 S.W.2d 222, 226—holdings approved by Sup.Ct., the court said: "In view of another trial of the case, we think it proper to say that what the agent of the city of Dallas may have said to the plaintiff in error, as to the future intentions of the city of Dallas to continue to use the property for school purposes, could not be material to any issue in the case. The city of Dallas would not be bound by any such declarations of the agent made in 1918, in determining what action it would take at a future time. Moreover, the future promise, or the declaration of future intentions, can never be made the basis for relief against fraud, unless it be further shown that the party making the promises, or stating the intentions, was authorized to do so, and furthermore, that he had no intention at the time the promises or statements were made to do as he promised or stated he would, or intended to do." See also Tackett v. Cunningham, Tex.Civ.App., 91 S.W. 2d 965 (Syl. 12).

The undisputed testimony of appellant shows he made the application to appellee City to have the property rezoned; that, upon the hearing, such application was contested; appellant quoting Deason as having said, "Them other people come up there with petitions and beat you."

There is no testimony which asserts or raises the issues (material to appellant's case) of the agent's authority, or his intention (at the time it was made) not to carry out his promise.

Further, appellant, under his testimony, knew the oral agreement was not and could not be put in the written agreement by the agent. He says before the contract sued on was signed by him, the agent so told him. He knew he had to make application to the Zoning Board and to the Commission for such rezoning. Appellant does not say the City agent did not do all he could to get the property rezoned. Under the circumstances appellant cannot be heard to now claim he made an oral side agreement to the effect that the City's agent would secure from the Zoning Board and Commission a judgment or order in appellant's favor, even if the evidence did not justify such order. Appellant is charged with knowledge that such Board and Commission are bound to follow the evidence offered by all interested parties, which includes all property owners within a required distance from the property, and whose rights were not limited to the rights of appellant and appellee here. Such an agreement, on its face, would be void, and could not constitute a defense to the City's cause of action.

Appellant's testimony, at best, does not, in our opinion, raise all fact issues necessary to constitute a defense to appellee's action.

Appellee also contends that the City was not charged with the oral side agreement, even if it was made, since there is no proof that the City had any knowledge of it before it was approved, accepted, and acted upon; however, in view of our other holdings, it is unnecessary to pass upon such question, and we do not pass thereon.

Affirmed.