"Legal trials are not like elections, to be won through the use of the meetting-hall, the radio, and the newspaper."

I respectfully enter my dissent to the affirmance of the instant case

**John B. REYNOLDS, Appellant,**

v.

**J. W. PIERCE, D/B/A Pierce Pump Company, Appellee.**

No. 15969.

Court of Civil Appeals of Texas. Fort Worth. Jan. 16, 1959.

Rehearing Denied Feb. 6, 1959.

Fritz & Vinson and Edward C. Fritz, Dallas, for appellant.

Malone, Lipscomb & Seay, George E. Seay and Robert A. Gwinn, Dallas, for appellee.

RENFRO, Justice.

The plaintiff, John B. Reynolds, appealed from a summary judgment in favor of defendant, J. W. Pierce, individually and doing business as Pierce Pump Company.

Plaintiff brought suit pursuant to Section 16(b), Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover alleged unpaid minimum wages and unpaid overtime compensation for the period from January 16, 1955, to May 18, 1956.

Based upon answers in plaintiff's deposition, defendant filed a motion for summary judgment in which he alleged that from August 20, 1955, plaintiff's primary duty consisted of the management of a recogniz

ed department or subdivision of defendant's business, that such duty included the customary and regular direction of the work of two or more other employees in the establishment or department, and he received $100 or over per week.

Plaintiff's answer to the motion for summary judgment contained a detailed breakdown of plaintiff's duties and incorporated his petition.

Both plaintiff and defendant tendered plaintiff's deposition.

The court severed that part of plaintiff's claims from August 20, 1955, to the end of the period for which plaintiff was employed by defendant, and entered judgment that plaintiff take nothing for said period.

The plaintiff's point of error in this Court is to the effect the court erred in holding that plaintiff's services after August 20, 1955, were exempt from the Fair Labor Standards Act.

An employee who is compensated on a salary basis at a rate of not less than $100 per week, and whose primary duty consists of the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees therein, is an "executive." 29 U.S.C.A., Appendix, sec. 541.1(f)—Regulations, Fair Labor Standards Act.

There is testimony in plaintiff's deposition that he, subsequent to August 20, did receive in excess of $100 per week, that he was in charge of a recognized department, and had two or more others under his direction. If the admissions were such as to allow no reasonable conclusion other than that he was a bona fide executive, then as a matter of law the plaintiff, under the provisions of the Fair Labor Standards Act, 29 U.S. C.A. § 213, was not entitled to overtime compensation.

■ In determining the question of whether or not material issues of fact are raised on motion for summary judgment, however, the court must view all the evidence in the light most favorable to the party against whom summary judgment is sought, and must indulge in favor of such party every intendment reasonably deducible from the evidence. Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

■ Viewed in the light most favorable to plaintiff, losing party in the summary judgment proceedings, the testimony shows: He spent his time welding; selling parts; readying material for outside crews; handling freight; routing crews; on phone calls; sweeping floors; arranging parts; manufacturing equipment and pump parts; electrical work; in sales, interviews and office work. He contended the major part of his time and responsibilities were non-managerial. He worked on a $49\frac{1}{2}$ hour week basis and was "docked" for lost time; he was under close supervision of defendant; he frequently went out on jobs as a working foreman; defendant made all decisions when he was present at the plant; being in charge of the Service Department was only one of his duties; other employees were paid more per hour than he.

In 29 C.F.R., Part 541, sec. 541.103, 1958 Cumulative Pocket Supplement, p. 181, it is said: "A determination of whether an employee has management as his primary duty must be based on all the facts in a particular case. The amount of time spent in the performance of the managerial duties is a useful guide in determining whether management is the primary duty of an employee." Some pertinent factors to be considered, other than managerial time, "are the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of non-exempt work performed by the supervisor."

■ The administrator's interpretation of the Fair Labor Standards Act is entitled to great weight. McComb v. Casa Baldrich, Inc., D.C., 80 F.Supp. 869.

■ Viewed in the light most favorable to plaintiff's contention, we think the trial court was confronted with testimony from which it could reasonably be concluded that plaintiff was not a bona fide executive, as defined, but that his primary duties consisted of other, non-exempt, tasks. Thus, a controverted question of material facts was present to be determined by the court. In such a situation, summary judgment should be denied. Womack v. Allstate Insurance Co., Sup., 296 S.W.2d 233; Bliss v. City of Fort Worth, Tex.Civ.App., 288 S.W.2d 558.

■ Defendant filed a motion in this Court to dismiss the appeal on the ground the summary judgment was interlocutory only. Defendant recognized that plaintiff's claims from and after August 20 were severable by filing motion for summary judgment for said portion. The court severed that portion for which defendant sought summary judgment and gave it a new and different docket number from the original suit. The defendant did not except to the order of severance. The judgment entered was a final judgment as to plaintiff's claims for the period subsequent to August 20. Nothing more remained to be adjudicated concerning such claims. The trial court has great discretion in questions of joinder of parties and causes of action, and of consolidation or separation of causes of action, and its action will not be disturbed except for abuse of discretion. Rules 37 to 43, 97 and 174, Texas Rules of Civil Procedure, Montgomery v. Willbanks, Tex.Civ.App., 202 S.W.2d 851. Under the record, we cannot say the trial court abused its discretion in granting a severance.

The defendant's motion to dismiss the appeal is overruled, and the judgment of the trial court is reversed and the cause remanded for trial on the merits.