Robert G. REYNOLDS, Appellant,

v.

Walter STEVES, Appellee.

No. 13898.

Court of Civil Appeals of Texas.

San Antonio.

March 21, 1962.

Rehearing Denied April 18, 1962.

Pat Maloney, San Antonio, for appellant.

Kampmann & Kampmann, William C. Church, Jr., Robert P. Thomas, III, San Antonio, for appellee.

MURRAY, Chief Justice.

Appellant's statement of the nature of this case is as follows:

"This is an appeal from an order of the trial Court granting a Summary Judgment to one of two defendants. The plaintiff based his action against Walter Steves, individually, and Ingram Equipment Company, a corporation, seeking a joint and several judgment for damages for fraud. The Defendant Steves filed a Motion For Summary Judgment, which was denied. Later, at a hearing on a second motion for Summary Judgment, another Court granted same. No order of sev-

erance was entered and, subsequent to a trial on the merits of Plaintiff's claim against Ingram Equipment Company, Appellant duly perfected this appeal.

"This appeal complains only of the error of the trial Court in granting the Summary Judgment of defendant Steves. No Appeal is made from the judgment entered in the Plaintiff's case against Defendant Ingram Equipment Company."

Appellant's original brief contains but two points of error, presenting, generally, the contention that the trial court erred in granting Walter Steves' motion for a summary judgment and dismissing him from the cause.

The cause thereafter proceeded to trial against the other defendant, Ingram Equipment Company, a corporation. This trial was to a jury and resulted in judgment in favor of plaintiff against Ingram Equipment Company in the sum of $621.25. In the judgment, the trial court brought forward its interlocutory order dismissing Walter Steves from the suit, thus making the dismissal a final judgment, to which action the plaintiff, Robert G. Reynolds, excepted and gave notice of appeal. The overall judgment was signed by the trial court on April 28, 1961. On May 18, 1961, appellant filed his appeal bond containing the following recital:

"Whereas in the above entitled and numbered cause pending in the 45th Judicial District Court of Bexar County, Texas, and at a regular term of said Court, to-wit, on the 19th day of January, 1961, a summary judgment was rendered in favor of Walter Steves, a defendant in the above styled and numbered cause, wherein and whereby the plaintiff was denied recovery against said defendant, Walter Steves, and the said plaintiff desires to appeal from such order granting a summary judgment to defendant, Walter Steves, and to take an appeal from such order to

the Court of Civil Appeals for the Fourth Supreme Judicial District Sitting in San Antonio, Texas; * *."

This appeal is only from that part of the judgment which granted a summary judgment to Walter Steves, and there is no appeal herein from that part of the judgment in favor of appellant against Ingram Equipment Company in the sum of $621.25. We will have more to say about this later.

Appellant's petition alleged a cause of action against Ingram Equipment Company, a corporation, and its president, Walter Steves, for a commission of $20,000.00 for making a sale to H. B. Zachry Company, of equipment amounting to about $2,000,-000.00. The defendants below defended upon the theory that appellant signed an agreement to settle his claim for commission for the sum of $2,500.00. Appellant controverted the affidavit of Walter Steves by stating in his controverting affidavit that he signed the agreement after Walter Steves had promised him that he, Reynolds, could personally and exclusively handle and service certain named accounts; that he believed these representations to be true and relied upon them, and would not have signed the agreement had he known the representations inducing him to execute it were false; and that he was damaged thereby. Appellant alleged in his petition and testified in his deposition, that two days after he signed the agreement to accept $2,500.00 as his commission on the Zachry deal, the accounts that had been promised to him by Steves were taken away from him and he was not thereafter permitted to service such accounts. Thus appellant attempts to set the agreement aside for fraud charged to both Walter Steves and the Ingram Equipment Company.

■ It is clear that appellant sets up as fraud a promise that in the future he was to service certain accounts and such promise was not kept. This would tend to show a breach of contract more than a fraud. For a promise to do something in the future

to constitute actionable fraud, it is necessary that the promise be made with the intent at the time that it would not be performed, and with intent, design and purpose of deceiving. Texas Employers' Ins. Ass'n v. West, Tex.Civ.App., 320 S.W.2d 55; Shaw v. Tyler Bank & Trust Co., Tex.Civ.App., 285 S.W.2d 782.

■ The record before us shows that appellant executed the agreement to accept the sum of $2,500.00 as his commission on the Zachry deal, and unless he could come forward and show by affidavit that this agreement should be set aside for fraud, it would stand as a complete bar to his recovery herein. The facts shown by appellant in his affidavit and deposition fall far short of showing fraud, therefore, the trial court did not err in granting Walter Steves a summary judgment.

■ Appellant contends that he appealed from the entire judgment, and that his statement in his original brief that "This appeal complains only of the error of the trial Court in granting the Summary Judgment of defendant Steves" was a mistake, and his appeal was actually from the entire judgment. We cannot accept this statement in view of the fact that the appeal bond recites that the appeal is only from the summary judgment in favor of Walter Steves. We are bound by this statement in the appeal bond.

■ There can be no question as to the right of a party to appeal from a severable part of a judgment. 3 Tex.Jur.2d p. 332, § 68; Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, affirming Reynolds v. Pierce, Tex.Civ.App., 320 S.W.2d 376.

■ Appellant's original brief was filed in this Court on August 7, 1961, and that brief treated the appeal as one from only a part of the judgment. Appellee, Walter Steves, filed his reply brief on August 31, 1961. Thereafter, on October 25, 1961, appellant filed his supplemental brief in which he undertook, for the first time, to ques-

tion that part of the judgment which rendered judgment in his favor for the sum of $621.25, even though the Ingram Equipment Company was not named as an appellee in the appeal bond. This supplemental brief cannot be considered.

The judgment is affirmed.