Joe **MEDINA**, Appellant,

v.

R. L. (Bob) **SHERROD**, Jr., Appellee.

No. 14385.

Court of Civil Appeals of Texas.

San Antonio.

May 26, 1965.

Benjamin D. Lucas, Oliver & Oliver, San Antonio, for appellant.

Sawtelle, Goode, Troilo & Leighton, Les Mendelsohn, San Antonio, for appellee.

CADENA, Justice.

Joe Medina, plaintiff below, appeals from a summary judgment denying him any recovery from defendant, R. S. (Bob) Sherrod, Jr., for personal injuries allegedly sustained by plaintiff as a result of defendant's negligence.

Defendant's motion for summary judgment was based on a written release executed by plaintiff. The motion was supported by the affidavit of defendant, reciting the execution of the release and full performance by defendant of his obligations thereunder, and by the affidavit of Joe Lara Ortega, plaintiff's brother-in-law, reciting that the affiant was personally present at the time plaintiff executed the release, and that both affiant and defendant correctly read the contents of the instrument to plaintiff before he signed it.

On the date set for the hearing of the motion, plaintiff, without obtaining leave of court, filed his first supplemental petition in which he sought to avoid the release on the ground of fraud. At the same time, plaintiff filed a sworn reply to the motion for summary judgment and incorporated therein the allegations of the supplemental petition, which was attached to the reply. The allegations in the supplemental petition were, in substance, that part of the consideration for the execution of the release was defendant's promise to re-employ plaintiff as soon as plaintiff was able to return to work, that defendant had not fulfilled his promise, and that at the time defendant made the promise he had no intention of re-hiring plaintiff.

The judgment of the trial court granting defendant's motion for summary judgment recites that, in passing on the motion, the

court did not consider plaintiff's first supplemental petition, and that no controverting affidavit by plaintiff was before the court.

In affirming the judgment below, we hold as follows:

1. Plaintiff's sworn reply to the motion for summary judgment is insufficient as an opposing affidavit because (1) it was not filed within the time prescribed by Rule 166–A(c), Texas Rules of Civil Procedure, and (2) it does not show affirmatively that the affiant was competent to testify as to the matters therein stated, as required by Rule 166–A(e), T.R.C.P.

2. The trial court properly refused to consider plaintiff's first supplemental petition, which was not filed until the date of the hearing, because plaintiff failed to obtain leave of court for the filing thereof as required by Rule 63, T.R.C.P.

3. The plaintiff's sworn reply, even if considered as an opposing affidavit, failed to raise any genuine issue as to any material fact.

I.

■■■ The trial court did not err in refusing to consider plaintiff's sworn reply as an opposing affidavit. In the first place, Rule 166–A(c), supra, provides that opposing affidavits may be filed "prior to the day of hearing" on the motion for summary judgment. Here plaintiff did not file his reply until the date of the hearing. An opposing affidavit filed on the date of hearing does not comply with the requirements of the Rule. General Motors Acceptance Corporation v. Musick, 379 S.W.2d 297 (Tex. 1964). In Lawyers Surety Corp. v. Investors Mutual of Nueces, Inc., Tex.Civ.App., 353 S.W.2d 882, wr. ref., n. r. e., the situation was the same as here. This Court, speaking through Chief Justice Murray, said:

"The supporting affidavit filed by appellee was not replied to or contradicted by any opposing affidavit filed by appellant. * * * Appellant contends that its sworn answer filed on the day the motion for summary judgment was heard, was sufficient to contradict the supporting affidavit, was sufficient to show that there were fact issues to be decided, and that summary judgment was therefore improper. We do not agree. Rule 166–A, T.R.C.P., requires in effect that opposing affidavits must be served prior to the day set for the hearing of a motion for summary judgment. The amended answer filed by appellant on the day of hearing came too late to be regarded as an opposing affidavit."

In the second place, the sworn reply is fatally defective in that it does not affirmatively state that affidavit is competent to testify to the matters stated therein, as required by Rule 164–A(e). "It has often been held that a compliance with Rule 166–A(e) is necessary if affidavits are to be given consideration in a summary judgment proceeding." Watson v. Druid Hills Company, Tex.Civ.App., 355 S.W.2d 65, 68, wr. ref., n. r. e. See also Youngstown Sheet and Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1963); Lawyers Surety Corp. v. Sevier, Tex.Civ.App., 342 S.W.2d 604, no wr. hist.

II.

■■■ Nor did the trial court err in refusing to consider plaintiff's first supplemental petition, filed on the date set for the hearing of the motion for summary judgment. Rule 63, T.R.C.P., provides that an amended pleading, offered for filing within seven days of the date of trial, shall be filed only after obtaining leave of court. In Leche v. Stautz, 386 S.W.2d 872, wr. ref., n. r. e., the motion for summary judgment was set for hearing on March 12, 1964. On March 11, 1964, the opponent to the motion, without obtaining leave of court, filed a first amended original petition. A mo-

tion to strike because of noncompliance with Rule 63 was granted by the trial court, and the Austin Court of Civil Appeals affirmed. See also, McCormick v. Stowe Lumber Co., Tex.Civ.App., 356 S.W.2d 450, 458, wr. ref., n. r. e.

### III.

 Even if we consider plaintiff's sworn reply, which attempted to incorporate by reference the allegations in his supplemental petition, as an opposing affidavit, it was insufficient to preclude the entry of summary judgment in favor of defendant. Failure to perform a promise to do an act in the future constitutes fraud only when it is proved that the promisor, at the time he made the promise, did not intend to perform. Mere proof of nonperformance will not support an inference of fraudulent intent. Collier v. Bankston-Hall Motors, Tex.Civ.App., 267 S.W.2d 898, no wr. hist.; Johnston v. Bracht, Tex.Civ.App., 237 S.W.2d 364, no wr. hist.; Urso v. City of Dallas, Tex.Civ.App., 221 S.W.2d 869, wr. ref.; Cassel v. West, 98 S.W.2d 437, wr. ref.

Considering plaintiff's sworn reply and supplemental petition together, the only material statements of fact relating to fraud are to the effect that defendant made a promise, that plaintiff relied on such promise, and that defendant did not perform. Concerning the state of mind of defendant at the time the promise was made, plaintiff merely swore that defendant, at the time he made the promise in question, had no intention of performing. There is no statement of any facts known to plaintiff that might circumstantially reveal de-

fendant's intent at the time the promise was made. The intent not to perform, which is an indispensable element of the fraud on which plaintiff relies, is supported only by the bare assertion of plaintiff as to defendant's state of mind at the time the promise was made.

Since a person's state of mind cannot be established by the direct testimony of others, a witness cannot testify as to the intent or motive of another. Robertson v. Gourley, 84 Tex. 575, 19 S.W. 1006. The rule is stated and applied in Dean v. Dean, Tex.Civ.App., 214 S.W. 505, 508, wr. dism., as follows:

> " * * * The intent with which a party does an act is known to him, and he is a competent witness to testify as to such fact. * * * Had his wife been alive, she could not have testified that such was not his intention; for she could not have known such fact. Had she so testified, it would have been only the statement of her opinion, and not the statement of a fact."

It is apparent, then, that the bare assertion that, at the time the promise was made, defendant had no intention of performing, amounts to no more than a statement of plaintiff's opinion or conclusion concerning defendant's state of mind. Statements of opinion and conclusions are insufficient, even if sworn to, to raise an issue of fact. "A conclusion sworn to is still a conclusion, and is not evidence sufficient to raise an issue of fact as to whether there was any fraud * * *." Williamson v. Lewis, Tex.Civ.App., 346 S.W.2d 957, wr. ref.

There being no error, the judgment of the trial court is affirmed.