Marvin W. CRABTREE et al., Appellants,

v.

D. P. BURKETT, Appellee.

No. 6996.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 3, 1968.

Sidney A. King, Beaumont, R. E. McDaniel, Winnie, for appellants.

Jack R. King, Beaumont, for appellee.

PARKER, Justice.

Plaintiff, D. P. Burkett, sued Marvin W. Crabtree and Vera Crabtree to rescind and cancel a contract by which he purchased a mobile home from such defendants. Melody Home Manufacturing Company, a corporation, manufactured the mobile home. Originally it was a party defendant to the suit. During the trial, plaintiff took a non-suit as to Melody Home Manufacturing Company. A jury verdict was had. The trial court overruled defendants Crabtrees' motion for judgment non obstante veredicto and entered judgment upon the jury verdict for plaintiff Burkett rescinding the contract. The parties will be designated by name or by their position in the trial court as plaintiff and defendants.

Plaintiff Burkett sued the defendants for damages, but, in the alternative, sued to rescind the sales contract. At the conclusion of the trial, the plaintiff elected to abandon the suit for damages and sought to rescind and cancel the sales contract. The controlling question before this court is whether the pleadings, evidence, and jury findings will support a judgment for rescission and cancellation.

Four special issues were submitted to the jury which found that the Crabtrees represented to Burkett that the mobile home received by Burkett would have the same high quality workmanship of the mobile home on display at the sales lot of the defendants Crabtrees; that the plaintiff Burkett believed and relied on such representation when he purchased and paid said Crabtrees for said home; that said representations were of a material fact; and that the mobile home delivered to Burkett was not of the same quality as represented.

The evidence is undisputed that there were some defects in the mobile home delivered. The evidence on the cost of repair or damages vary from a few hundred dollars to several thousand dollars. There is no evidence the Crabtrees did not intend to deliver to Burkett a mobile home of the same high quality workmanship of the mobile home on display at Crabtrees' sales lot at the time they promised so to do.

Marvin W. Crabtree and wife, Vera Crabtree, were doing business as College Court Trailer Sales. Their business was selling mobile homes. On December 2, 1965, the plaintiff, D. P. Burkett, ordered a mobile home from the Crabtrees. At that time, Burkett paid $500.00 earnest money to the Crabtrees. The Crabtrees had shown Burkett a mobile trailer on their lot. He ordered a higher priced unit with different and better specifications, relying upon the representation by the Crabtrees to Burkett that the mobile home ordered would be of equal workmanship and material as the mobile home shown. The sale price was $6,200.00. On January 16, 1966, the mobile home was delivered to Burkett by Melody Home Manufacturing Company. These mobile homes were sold under the name of Melody Homes. There is no written contract of sale between the Crabtrees and Burkett in evidence, although available upon the trial. On the duplicate title certificate, signed by Burkett, it is stated that on January 17, 1966 he made application under oath that he was the owner of the mobile home delivered to him, the previous owner being College Court Trailer Sales, Beaumont, Texas, and that same was subject to a lien of Carpenters Credit Union dated January 17, 1966 in the sum of $5,200.00. The application is not in evidence although available upon the trial. The instrument fixing this lien is not in evidence. From money furnished by said credit union, Burkett paid the Crabtrees $5,000.00. The Crabtrees testified that an additional $500.00 worth of furniture was to be transferred by Burkett to them and an additional $30.00 in cash was to be paid. The furniture was not delivered to the Crabtrees. Part of it was otherwise disposed of by Burkett. The $30.00 additional cash money was not paid to the Crabtrees. Burkett testified that he had never paid the credit union one cent and was unable to pay this indebtedness of his.

Defendants' fifth and sixth points of error will be considered together and are as follows:

The trial court erred in overruling the appellants' motion for judgment non obstante veredicto because any warranty in this case found to be breached by the jury, and the only thing conmplained of by the plaintiff, went only to degree of fitness or to quality, and breach of such a warranty does not give rise to a right of rescission, plaintiff being relegated to a suit for damages.

The trial court erred in overruling the appellants' motion for judgment non obstante veredicto because any breach of contract shown is of unimportant provisions or subordinate stipulations, not forming a part of the leading consideration of the contract, or of an independent covenant which does not go to the whole consideration of the contract, and is subordinate and incidental to its main purpose, and the plaintiff is therefore not entitled to rescind the contract, or to rescission, but is entitled at most only to damages.

 The Crabtrees offered to repair the defects of the mobile home to the satisfaction of the Burketts. This did not satisfy the Burketts. Melody Home Manufacturing Company offered to repair any defects on its warranty. This did not satisfy the Burketts. The extent of the cost of repairing the defects is disputed. There is no finding by the jury as to what it would cost to repair the defects. The defects not only had to be material but must have been of a substantial nature as an element justifying rescission and cancellation.

 Failure of the Crabtrees to deliver to Burkett a mobile home of the same high quality of workmanship as the mobile home on display was a promise or representation as to a future event. Before this representation could be actionable fraud, it must have been made by the Crabtrees at that time knowing that it was false and with no intention on their part to carry out their promise or representation. Stegall v. Lytle, 360 S.W.2d 898 (Tex.Civ.App., 1962). Wheeler v. Thomas, 328 S.W.2d 891 (Tex.Civ.App., 1959). There is no evidence of intent on the part of the Crabtrees to defraud Burkett at the time the Crabtrees made these representations, that their promise and representation would not be performed, or that they made such representation with the intent, design, and purpose of deceiving Burkett. This burden of proof was upon Burkett, which he has not discharged. See Reynolds v. Steves, 356 S.W.2d 200 (C.C.A.1962). Precision Motors v. Cornish, 413 S.W.2d 752 (Tex.Civ.App., 1967, error ref. n. r. e.). In the latter case, the court said on page 756:

Since Rader's statement was in the nature of a promise of an act to be performed in the future (not a misrepresentation of a past or present existing fact) it was not a fraudulent misrepresentation unless it was proved that at the time he made the promise Rader did not intend to perform it. The burden was on Cornish to prove such intent. Mere failure to perform a promise is not of itself evidence of intent not to perform. Such failure might under some circumstances serve as a basis for a suit for a breach of contract, but in the absence of intent not to perform it does not constitute fraud. Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App., 1965, no writ hist.); Billy Baker Mobile Homes, Inc. v. Foster, 390 S.W.2d 385, 387 (Tex.Civ.App., 1965, no writ hist.); Mason v. Mid-Continent Supply Co., 374 S.W.2d 922, 928 (Tex.Civ.App., 1964, ref. n. r. e.); Reynolds v. Steves, 356 S.W.2d 200 (Tex.Civ.App., 1962, no writ hist.); Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S.W. 322, 323; Swink v. City of Dallas, 36 S.W.2d 222, 227 (Comm. App. holdings approved); 25 Tex.Jur.2d 682–687; 37 C.J.S. Fraud § 116, pp. 440–441. We find no evidence in the

record that Rader did not intend to perform his promise.

In Medina v. Sherrod, 391 S.W.2d 66, 69, it was said:

Failure to perform a promise to do an act in the future constitutes fraud only when it is proved that the promisor, at the time he made the promise, did not intend to perform. Mere proof of non-performance will not support an inference of fraudulent intent. Collier v. Bankston-Hall Motors, Tex.Civ.App., 267 S.W.2d 898, no wr. hist.; Johnston v. Bracht, Tex.Civ.App., 237 S.W.2d 364, no wr. hist.; Urso v. City of Dallas, Tex.Civ.App., 221 S.W.2d 869, wr. ref.; Cassel v. West, 98 S.W.2d 437, wr. ref.

This is quoted with approval in Steine v. Hillcrest State Bank of University Park, 423 S.W.2d 443, 447 (Tex.Civ.App., 1967).

■ It appears that special issues on essential elements of fraud were not requested by plaintiff and none were submitted to the jury. Plaintiff's judgment for rescission rests on breach of contract. Plaintiff is relegated to his remedy of damages. As said in Freyer v. Michels, 360 S.W.2d 559, 561 (Tex.Civ.App., 1962, error dism.):

Though there are some exceptions to the rule, it is held generally that the equitable relief of rescission will not be granted for a mere breach of contract in the absence of a finding of fraud.

And cases cited therein. Points of Error Nos. 5 and 6 are sustained.

■ The proceeding in the trial court, in the absence of the credit union, is fundamental error in a suit for cancellation and rescission. The defendants Crab-trees' eighth and ninth points of error raise this question. The credit union is an indispensable party under Rule 39 Texas Rules of Civil Procedure. Its absence is fundamental error in a suit for cancellation and rescission and may be noticed by this court under its own motion. As said in Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex., 1966):

Jurisdiction over indispensable parties to a suit is as essential to the court's right and power to proceed to judgment as is jurisdiction of the subject matter. See Scott v. Graham, 156 Tex. 97, 101, 292 S.W.2d 324, 327 (1956).

Both plaintiff and defendants knew the Carpenters Credit Union had a joint interest with Burkett in the subject matter of the law suit insofar as rescission and cancellation are concerned. In Burkett's pleadings he neither named the credit union as a party nor gave any reason why the credit union should not be and was not made a party to his suit. There is nothing in the record to show the trial court only could acquire jurisdiction of the credit union by its consent or voluntary appearance. The final judgment and decree entered by the trial court leaves the controversy in such a condition and it is wholly inconsistent with equity and good conscience. See Royal Petroleum Corporation v. Dennis, 160 Tex. 392, 332 S.W.2d 313 (1960). Status quo is not obtained by the judgment.

From the pleadings and proof, it does not appear that an action for damages by plaintiff would not be an adequate remedy.

Having sustained plaintiff's points of error discussed, the trial court's judgment is reversed and this cause is remanded for another trial.