**Jim O'BOYLE, Appellant,**

v.

**Harry M. STANFIELD, Appellee.**

**No. 4856.**

Court of Civil Appeals of Texas, Waco.

March 19, 1970.

Rehearing Denied April 9, 1970.

Rosenfield, Berwald & Mittenthal, Dallas, for appellant.

Akin, Steinberg & Stanford, Alton B. Cervin, Dallas, for appellee.

## OPINION

WILSON, Justice.

The basic facts in this case are those narrated in a former appeal of the same case, Stanfield v. O'Boyle (Tex.Civ.App., Dallas 1967), 421 S.W.2d 745, writ ref. n. r. e. It will be unnecessary to repeat them here.

No new plaintiff's pleadings have been filed since decision of the above case by the Dallas Court of Civil Appeals. Defendant O'Boyle filed an amended answer, pleading the Statute of Frauds, V.A.C.S., Art. 3995, Sec. 4 and failure of plaintiff to perform his obligation under the contract, in addition to the pleas of limitation and discharge in bankruptcy previously presented.

After a non-jury trial the court rendered judgment for plaintifff Stanfield against defendant O'Boyle for $50,000. He found in effect and concluded in part that O'Boyle had agreed that in consideration of a release by Stanfield of 2000 shares of stock as security, O'Boyle would convey real estate of a value of $50,000 as substitute security; that this was a "false promise made as an inducement to plaintiff to release" the stock as security; that plaintiff had relied on the promise in releasing the stock; that O'Boyle did not then own $50,000 worth of realty and did not intend to convey it as agreed; and that plaintiff did not have actual or constructive knowledge "of the fraud committed by defendant" until shortly before the filing of this suit.

The parties have so complicated the appeal by immaterial issues that we have difficulty in cutting through to what we consider the decisive points.

The first ten points and numerous counterpoints relate to whether plaintiff's action is barred by limitation. That question was settled in the first appeal. The material pleadings are the same, and the prior decision, absent a change in the issues and record, as here, is the law of the case. 4 Tex.Jur.2d, Appeal and Error, Secs. 1007–1014, pp. 696–711. Other extended arguments relate to when the asserted "fraud" was, or should have been discovered. This factor is immaterial on the limitation issue under the prior holding, since it was there determined that the contract action was not barred, and the purported fraud action "grew out of the same transaction and occurrence". Whether settled by the doctrine of the law of the case, or not, however, the limitation question is not critical to determination of this appeal.

█ Much of the remainder of the argument of the parties relates to Art. 4004, V.A.C.S., which has no application here. It presupposes actionable fraud with regard

to a real estate or corporate stock transaction, and this is not such a case. Cherry v. Salinas, Tex.Civ.App., 355 S.W.2d 833, 834, writ ref. n. r. e.; Rawdon v. Garvie, Tex.Civ.App., 227 S.W.2d 261, 265; Campbell v. Wilson, Tex.Civ.App., 238 S.W. 318, 320. It is a breach of contract case. As noted in the opinion of Justice Williams on the first appeal, the "fraud" count in this case developed after the plaintiff had been confronted by pleas of limitation and discharge in bankruptcy.

A simple failure to perform a promise to do something in the future is not fraud. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158, 160. "Otherwise every breach of contract would amount to fraud." 25 Tex.Jur. 2d, Fraud, Sec. 44, p. 682. It is as if O'Boyle had promised to pay Stanfield $50,000 in cash and had failed to do so. The exception would exist where the promisor had a preconceived intention not to perform. Chicago, T. & M.C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 474. The only circumstance to support the latter inference in this record, other than the alleged breach of contract, is that plaintiff testified over objection that he later examined the real estate records where he found "a maze" of mortgages and transfers "which convinced me that this man didn't have $50,000". We have been pointed to no evidence of probative force that O'Boyle did not, at the time of the contract, own at least $50,000 worth of realty. "The fact of breach, standing alone, does not even raise the issue of lack of intention to perform at the time the covenant was entered into." Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119. The fact that appellee subsequently became convinced that appellant "didn't have $50,000" is not probative evidence of preconceived intent not to perform at the inception of the agreement. We have carefully reviewed the record. Fraud is not raised by the evidence. See Crabtree v. Burkett, Tex.Civ.App., 433 S.W.2d 9, 11; Precision Motors v. Cornish, Tex.Civ.App., 413 S.W.2d 752, 756; Medina v. Sherrod, Tex.Civ.App., 391 S.W.2d 66, 69; Billy Baker Mobile Homes, Inc. v. Foster, Tex. Civ.App., 390 S.W.2d 385, 387; Reynolds v. Steves, Tex.Civ.App., 356 S.W.2d 200, 202.

The case, thus narrowed to a simple one of breach of contract, requires us to test the judgment against appellant's points. Although he pleaded the statute of frauds in bar, he makes no contention here that the contract sued on contravenes the statute, and disavows reliance on that legislation in oral argument. The limitation plea has been disposed of by the prior appeal. The only remaining pleaded affirmative defense raised by probative evidence is that of discharge in bankruptcy of the claim for breach of contract.

■ Defendant urges that plaintiff abandoned his action for breach of contract when he filed his amended petition claiming fraud. This may have been plaintiff's intention, seeking to avoid the statute of frauds, discharge in bankruptcy and limitation defenses, but his pleading nevertheless alleged the elements of a cause of action for breach of contract. Both parties then tried the case, notwithstanding, on the fraud theory.[1]

The defenses of discharge in bankruptcy and failure of plaintiff to perform were thus apparently tried in a half-hearted manner by the parties and ignored in the findings and conclusions. The argument of appellant, we think, is susceptible of the construction that he complains, correctly, that the court erred in failing to pass on these phases of the case, which has obviously been tried on the wrong theory.

The judgment is reversed and the cause remanded.

---

1. Plaintiff, an attorney, testified concerning filing his original petition, in answer to the question as to why he didn't then sue for fraud: "I had a choice of remedies, either to sue on contract or to sue in fraud. I chose to sue on contract, because it was a cleaner type of suit. When he took his discharge in bankruptcy, that deprived me of my contract remedy, so I had to pursue the only alternative I had, to sue in fraud".