**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Appellant,**

v.

**David Henry STARNES, Appellee.**

**No. 17302.**

Court of Civil Appeals of Texas, Fort Worth.

April 7, 1972.

---

C. A. Searcy Miller, of Dallas, for appellant.

Farrar & Claunch, and Jim Claunch, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit on an automobile collision insurance policy.

Plaintiff David Henry Starnes was an insured under a policy of automobile collision insurance issued by defendant Foundation Reserve Insurance Company, a company domiciled in the State of New Mexico and without any license or permit to write insurance in Texas. The policy was not the Texas Standard Form of such insurance, requisite in instances of insurance contracts written in this State. Therein an "exclusion" of coverage under the policy had application "while the automobile is being used in or engaged in any speed contest; . . . . " Upon the company's denial of liability plaintiff brought suit. The company specially plead the exclusion. On trial the plaintiff testified that at the time of the collision and resultant loss and damage he was driving and operating the automobile in question, but *not* in any speed contest.

The tender and reception of plaintiff's direct testimony to such effect was contested at every stage by the company, which furthermore contended that such testimony as was admitted did not amount to evidence having probative force and effect.

What the company attempted was to invoke the old interest-disqualification rule inhibiting reception of this form of self-serving statement by its insured. Texas, following most other states, has repudiated such rule. Texas Law of Evidence, 2d Ed., McCormick & Ray, Sec. 1428, "State of Mind (Intent, Motive, Reason)." On the question see text and cases annotated thereunder in Wigmore on Evidence, 3rd Ed., Vol. II, p. 714, "Testimonial Qualifications", Sec. 581, "Testifying to One's Own Intent"; Berry v. State, 30 Tex.App. 423, 17 S.W. 1080 (1891); Dean v. Dean, 214 S.W. 505, 508 (Tex.Civ.App., 1919, no writ hist.); Medina v. Sherrod, 391 S.W.2d 66, 69 (San Antonio Civ.App., 1965, no writ hist.).

Professor Wigmore's statement (Sec. 581) in criticism of a contention like unto that here advanced reads, in part, as follows: "In the first place, there is no precedent for it in the inherited common law; it is an attempt to create a rule without an analogy in the accepted doctrines of the judicial rulings. In the next place, it assumes that there is no counter-evidence available, and yet asks that the only evidence which it assumes to be available shall be excluded,—in other words, asks that a concededly proper issue be submitted to the jury with no evidence at all. In the third place, its assumption is incorrect in fact, namely, that there is no other available and sufficient evidence of intent or motive by which the person's own testimony can be tested and checked; for the evidence from conduct and circumstances and from others' testimony is not only a permissible but a potent source of belief, and is amply sufficient to guard against falsification. Finally, the argument is at least of no higher value than the argument in favor of the unsatisfactory statutory rule against survivors' testimony (*ante*, § 578). It is merely of a piece with all crude attempts to disqualify a witness by reason of interest,—attempts which to-day must stand discredited by the general repudiation of that species of disqualification (*ante*, § 576)."

Since the testimony was proper and of probative force and effect it raised for the determination of the jury the special issue in answer to which it found that on the occasion in question plaintiff's automobile was not being used in or engaged in any speed contest. We have examined the entire record and hold that the jury's finding was not so contrary to the great weight and preponderance of the evidence as to be clearly wrong. The case was one where the evidence made a clear-cut jury case, one where the jury was at liberty to find for either the plaintiff or defendant as it deemed the facts to be, and not to be disturbed on appeal by a court of review.

At the close of June 16, 1971, during procedure of hearing testimony of the company's witness, Stephen Cooper, on a Bill of Exceptions the court advised the company's attorney that it was his inten-

tion to resume testimony at 9:00 A. M. on the morning of June 17, 1971, whether such attorney was present or not. At 9:00 A. M., June 17th, the company's attorney was not present. The direct examination of the witness, Cooper, had been concluded, so the court directed that the plaintiff's attorney proceed with his cross-examination. No new fact was developed during the course thereof. Then the plaintiff's attorney called his attorney witness for the purpose of making proof upon attorney's fees. He qualified the attorney as an expert, and began with a hypothetical question in which he was outlining work done, pleadings filed, etc., when the company's attorney arrived.

■ By a point of error on appeal the company complains because the court proceeded in the absence of its counsel, as such action amounted to an expression of the court's opinion before the jury that the company's defense was frivolous and that the case could really be decided whether its counsel was present or not. We have examined the record and concluded that even if error appeared it could not have amounted to reversible error under tests made by Texas Rules of Civil Procedure 434. However, no error existed anyway because the court's action could not properly be characterized as an abuse of judicial discretion.

On Mr. Cooper's testimony given on the company's Bill of Exceptions (because of the exclusion of a portion of the evidence sought to be elicited) the court at one point "took over" in the examination of the witness and it does appear that he assumed an adversary position, as the company contends. The subject matter involved was the witness' qualification to testify as an expert on the matter of whether plaintiff's automobile and another automobile were in a speed contest when he observed them shortly before they went out of his sight over a hill. The collision or upset resulting in plaintiff's collision damage occurred after the automobiles had passed from view and out of the witness' field of vision. All the remainder of the evidence the company sought to introduce by Mr. Cooper had already been placed before the jury before the taking of testimony on the bill. Nothing in the testimony Mr. Cooper gave (on cross-examination) the following morning was in any way harmful to the company's interest. Neither was there apparent therein, in any degree, any indication that such witness was intimidated by the court as the result of the court's action the prior afternoon. We have tested the record by T.R.C.P. 434, the "harmless error" rule, and have concluded that no reversible error is demonstrated.

The scene of the accident was on Texas State Highway 303, which runs east and west in eastern Tarrant County. The only testimony relative to the distance east, from the point on Highway 303 where Gibson's Discount Department Store and parking apron or lot is located, to the point of collision is that it was approximately one mile. Undisputed is the fact that from the parking lot in front of Gibson's the point of collision cannot be seen because of a hill or rise in the road toward the east. The only testimony as to the point of this obstructing hill or rise in the road is that it is approximately one hundred yards east of (a point even with) Gibson's. The witness Cooper was situated on the aforementioned parking lot when he observed the plaintiff's automobile and another automobile on Highway 303 traveling toward the east. Testimony received from him was such that the jury was entitled to conclude that while the vehicles were in his view, i. e., before they passed out of sight over the hill, the drivers were in a speed contest, each with the other.

■ However, a question is involved as to whether or not the witness Cooper was entitled, in addition, to give his opinion in such respect as an expert. As was shown on the company's Bill of Exception it was

desired to have him testify and give his opinion that at a time prior to the collision or upset of the plaintiff's automobile (though not immediately prior to and at the time) its driver was in a speed contest with the driver of another vehicle. This is not a proper subject for the reception of expert testimony, not involving any question of sound or unsound mind, etc. 23 Tex.Jur.2d, p. 651, "Evidence", Sec. 445, "Mental condition or capacity; Susceptibility to influence of another".

Of course there are occasions where the opinions of ordinary witnesses would be admissible in evidence. See 23 Tex.Jur.2d, p. 658, et seq., "Evidence", Sec. 453, et seq. However, in the very first of these (Sec. 453), it is pointed out that the opinion, conclusion, or inference of a non-expert will be received only when it appears that it will be of assistance to the jury in passing upon the issues involved, and that it should be rejected whenever the necessary facts of the case can be communicated to the jurors with such clarity as to warrant the assumption that, on hearing them, the jurors will be in as good a position as the witness to appreciate their full significance and to draw proper conclusions therefrom. Further (Sec. 460); to be justified in the reception of such testimony the court should deem the witness' preliminary testimony as having shown the observation of facts which form the basis of his proposed testimony, that his knowledge is such as enabled him to form an accurate opinion thereon, and to allow the opinion would be to impart to the jury information it could not otherwise acquire in a more exact manner than would be possible by a mere statement of describable facts. Further (Secs. 502, 504); a non-expert witness should not be allowed to testify as to conclusions drawn by him with respect to the significance or propriety of another's conduct, and he should not be permitted to state his opinion with respect to the intent, motive, or purpose of such other person.

We agree that the trial court, in the exercise of sound discretion, properly excluded—as expert testimony—the proffered evidence of the witness Cooper. Under the conduct of the trial the jury was in no doubt that Cooper's opinion and conclusion was that the plaintiff was engaging in a speed contest, or "digging-out" contest, with another motorist during the period when his automobile was in view. Indeed, we have no doubt that at least some of the jurors believed such to have been a fact. All were in accord, however, that plaintiff was not engaging in such contest at the material time (which would be after plaintiff's automobile passed out of Cooper's view). Indeed there appeared to have been sufficient time and space involved in which one of the participants, if in fact there was a speed contest, would likely have won or lost—after which of course the contest would have terminated. Furthermore, and in any event, in testing the existence of error in consequence of the exclusion of the proffered testimony in light of the entire record we have concluded that error, if any, was harmless under the provisions of T.R.C.P. 434, since it would not be reasonable to conclude that any member of the jury would have been persuaded to return an answer by verdict other than that which he did return (in conjunction with all other jury members) if the tendered testimony had been admitted as part of the evidence in the case.

The remainder of the points for consideration relate to the propriety of any attorney's fee to be allowed to plaintiff, and the propriety of the attorney's fee for which judgment was rendered, based upon the jury findings. $1,500.00 was allowed, with credit thereon of $500.00 in the event no appeal be taken from the trial court's judgment; and with credit thereon of $250.00 in the event an appeal should be taken to the Court of Civil Appeals, but not to the Supreme Court; the total amount allowed to have application in the event of an appeal taken to the Court of Civil Appeals and from that court to the Supreme Court.

The company's liability to pay attorney's fees, if any, is set forth under V.A.T.S., Insurance Code, Art. 1.14–1, "Unauthorized Insurance", Sec. 7, "Attorneys' Fees". Thereby is provided that if a company such as that before us (an unauthorized insurer under the Article) has failed for 30 days after demand prior to the commencement of the action to make payment in accordance with the terms of the contract, "and it appears to the court that such refusal was vexatious and without reasonable cause, the court may allow to the plaintiff a reasonable attorney's fee and include such fee in any judgment that may be rendered in such action."

■ The company advances the contention that it is a "surplus line" insurance carrier controlled by V.A.T.S., Insurance Code, Art. 1.14–2, and since under Art. 1.14–1, Sec. 2(b) (1) its provisions, including those referred to in the foregoing paragraph relative to attorney's fees, are specifically excepted and exempted as to "surplus lines" insurance transactions. The contention is without merit. The insurance is of a common form, to-wit: automobile collision, ordinarily written by insurance companies. Neither "excess" insurance coverage or "reinsurance" insurance coverage is involved. The company seems to have raised the contention as an afterthought. It did not object on such ground to the submission of any special issue on attorney's fees. Relative to the policy certificate itself the company never attempted to comply with the requirements relative thereto under Art. 1.14–2, Sec. 7, "Requirements for Surplus Lines Contracts." The policy did not have stamped on or affixed thereto the language prescribed. While presence of the language would not be conclusive to establish that the policy existed pursuant to a "surplus lines" transaction, absence thereof, unexplained, would require the conclusion that it was not a "surplus lines" transaction. Article 1.14–2, "Surplus Lines Insurance" was without application to the case.

■ The jury was instructed at the beginning of the three issues upon attorney's fees that it need answer said issues only in the event it had found in answer to a preceding issue that the refusal of the company to pay the loss of the plaintiff was vexatious and without reasonable cause. In other words the attorney's fees findings were conditionally submitted. Complaint is predicated upon such submission.

Whether the issues should have been conditionally submitted is not the question. The question is: Did it occasion reversible error? The form of submission did not inform the jury of the legal effect of the special issue upon which there was conditional submission. It was not a charge on the weight of the evidence. It did not give undue emphasis to plaintiff's evidence. Hence, there was no reversible error. No special conditions existed or were specified by objection which would so constitute it. Grieger v. Vega, 153 Tex. 498, 271 S.W.2d 85 (1954); Perkins v. Nevill, 58 S.W.2d 50 (Tex.Com.App., 1933); Hodges on Special Issue Submission in Texas, p. 71, "Conditional and Disjunctive Submission", Sec. 26, "Conditional Submission"; Speer's Special Issues Supplement, 1939, Sec. 124a, "Further as to conditional submissions."

The remainder of the company's points of error complaining of special issues and their manner of submission have been severally examined and are all overruled.

Judgment is affirmed.